J. B. FOLSOM, ADMINISTRATOR, ET AL. V. FRANK D. NORTON.

Opinion filed January 25, 1910.

Rehearing denied, March 9, 1910.

**Appeal and Error—Statement of Case—Extension of Time for Settlement—Sufficiency of Affidavits.**

1. In this case the judgment was entered September 3, 1908,. On September 24, 1908, on the affidavit of Peter Prader, clerk of the district court of Eddy county, in which he stated that C. J. Maddux, (one of appellant's attorneys), had been several times after the files in said action, including the depositions, testimony, and exhibits, but that affiant was unable to give them to said Maddux for the reason that they had not been returned by the court since rendering judgment in said cause, and on the affidavit of said C. J. Maddux that the original files and depositions were not in the office of the defendant's attorneys, that the clerk of said court informed him, the said Maddux, that the said files, depositions and testimony taken were with the court, for which reason the said counsel had been unable to prepare, serve, and have settled a statement of the case, and that it would be necessary to have a settled statement on appeal, the district court made an ex parte order extending the time for settlement of the statement of the case until March 1, 1909. On February 6, 1909, a proposed statement of the case was served upon plaintiff's attorneys. On or about February 12, 1909, plaintiff's attorneys served upon defendant's attorneys, by mail, amendments to the proposed statement of the case and also served at the same time objections to the service, allowance, or settlement of any statement of the case, for the reason that the time for such service had long since expired, and that no good cause had been shown for extending the time, which objections were supported by the affidavit of J. E. Robinson, one of the plaintiff's attorneys.

On February 23, 1909, the parties respectively, were represented by counsel and respondent's counsel interposed objections to the settlement and allowance of the statement, as hereinbefore stated. The court overruled said objections and made an order settling the statement of the case. In this court a motion to strike the statement from the record was granted. We hold that the affidavits of Peter Prader and C. J. Maddux, upon which the order extending the time for settlement of the statement of the case was made do not show any sufficient reason for extending said time.

**Judgment Justified by Findings.**

2. Upon consideration of the pleadings and the findings of the trial court, *held*, that the judgment entered by the trial court was fully justified by such findings.

Appeal from District Court, Eddy county; *Burke, J.*

Action by J. B. Folsom, administrator, and others, against Frank D. Norton. Judgment for plaintiffs, and defendant appeals.

Affirmed.

*Maddux & Rinker,* for appellant.

*Robinson & Lemke,* for respondents.

CARMODY, J. This action was instituted in December, 1907, and was tried in July, 1908, before the court without a jury. The findings were filed on September 3, 1908, and judgment was entered in favor of the plaintiffs on September 3, 1908. On September 5, 1908, counsel for plaintiffs served upon Maddux & Rinker, attorneys for defendant,, by mail, a true copy of the findings of fact, conclusions of law, order for judgment, and judgment in this action. On September 19, 1908, Peter Prader, clerk of the district court of Eddy county, made an affidavit in which he stated that C. J. Maddux, of the firm of Maddux & Rinker, had been several times after the files in said action, including the depositions, testimony, and exhibits, but that affiant was unable to give them to said Maddux for the reason that they had not been returned by the court since rendering judgment in said cause. On the same day C. J. Maddux, one of appellant's attorneys, made an affidavit in said action that defendant intended to appeal said action to the supreme court; that the original files and depositions were not in the office of defendant's attorneys; that the clerk of said court informed him, the said Maddux, that the said files, depositions, and testimony taken were with the court, for which reason the said counsel had been unable to prepare, serve, or have settled a statement of the case; and that it would be necessary to have a settled statement on appeal. On these affidavits, and as stated in the order, for good cause shown and in furtherance of justice, on September 24, 1908, the district court made an exparte order extending the time for settlement of the statement of the case until March 1, 1909. On or about October 1, 1908, appellant's attorneys served on plaintiff's attorneys, by mail, a copy of said order extending the time for settling a statement of the case; that immediately on receiving a copy of said order plaintiff's attorneys wrote defendant's attorneys that in their judgment the order was absolutely void. On February 6, 1909, appellant's attorneys served upon plaintiff's attorneys a proposed statement of the case. On or about February 12, 1909, plaintiff's attorneys served upon

defendant's attorneys, by mail, amendments to the proposed state-ment of the case, and also served at the same time objections to the service, allowance or settlement of any statement of the case, for the reason that the time for such service had long since expired, and no good cause had been shown for extending the time, and for addition-al reasons stated in the affidavit of J. E. Robinson, which was an-nexed to said proposed amendments and objections to the settlement of the statement of the case. At the time said statement was settled, February 23, 1909, the parties respectively, were represented by counsel, and respondents' counsel interposed certain objections to the settlement and allowance of the statement as hereinbefore stated, which objections were embodied in written form and submitted to the district court in that form. In connection with said written ob-jections and as a part thereof, the affidavit of J. E. Robinson, one of the respondents' counsel, was also submitted. The court overruled said objections and made an order settling the statement of the case. When the case was reached in this court, a motion was submitted by respondents' counsel to strike the statement of the case from the records and affirm the judgment for the following reasons: "(1) That long prior to the date of the settlement of the statement of the case the period allowed by the statute for so doing had expired, and no extension of time was ever given either by consent of counsel or by order of the court. (2) That no cause for extending the time was ever brought to the knowledge of respondent's counsel by no-tice, affidavit or otherwise, and that no good cause and no cause whatever for extending the time was ever shown to the district court and no such cause ever existed, the evidence having all been taken and reduced to writing before the case was submitted to the trial court. (3) That the record herein does not show, or attempt to show, any good cause or any cause whatever for extending the time to settle a statement of the case, though such settlement was made after the time had expired and against the objection of counsel for the plaintiffs to the effect above stated.

The said motion will be made on this notice and on the alleged statement of the case and the transcript and the entire record, pleadings, and proceedings herein and on the said objections and the annexed affidavit of J. E. Robinson, which is a part of the alleged statement in the case."

The affidavit of J. E. Robinson is of considerable length, and contains all the grounds stated in said motion. The order extending the time for settling a statement of the case was made ex parte and deemed excepted to. We do not think that the affidavits of Peter Prader and C. J. Maddux, upon which the order extending the time for settlement of the stated case was made, show any sufficient reason for extending said time. They merely show that the papers and files in said action were in the possession of the district judge, and it is to be presumed that appellant's attorneys could have procured the papers and files at the same time that they procured the order extending the time for settlement of the statement of the case to March 1, 1909. The affidavits do not show that appellant made any effort whatever to procure the files or settle the statement of the case within the time allowed by law. While the statute is exceptionally liberal, it does not go so far as to allow time to be extended in such cases without cause and against objection. On the contrary, the statute fixes a condition precedent to such extension. The time can only be extended for good cause shown in furtherance of justice. Section 7068, Rev. Codes 1905; McDonald v. Beatty, 9 N. D. 293, 83 N. W. 224. True, the district court states in its order extending the time for the settlement of the stated case that it was made on the affidavits of Peter Prader and C. J. Maddux for good cause shown and in furtherance of justice, but it is clear to us that said order was made on the affidavits of Prader and Maddux and without any other cause having been shown. C. J. Maddux, one of appellant's counsel, made an affidavit in opposition to said motion that no written notice of the entry of judgment was ever served upon appellant's attorneys. He admits that a copy of the findings of fact, conclusions of law, order for judgment, and judgment were served on them on September 5, 1908. He made no objection to them, and the copy of the judgment showed on its face that it had been entered by the clerk of the district court. We think such service sufficient. But, in addition, J. E. Robinson made his affidavit that notice of the entry of judgment was served at the time that the findings of fact, conclusions of law, order for judgment, and judgment were served.

The motion to strike the settled statement of the case from the record is therefore granted, but the granting of this motion does not necessarily affirm the judgment. There remains for our con-

sideration the judgment roll proper, which includes the pleadings, the findings of the trial court, and the judgment. The question, therefore, which we are to determine is whether upon the issues as framed by the pleadings the court erred in entering the judgment which was entered. This action was brought to redeem from a mortgage foreclosure after the year for redemption had expired,, and to cancel and annul said foreclosure sale and sheriff's deed issued thereunder, and also to redeem from another mortgage held by defendant on the same premises and involves 160 acres of land in Eddy county, N. Dak.

The findings of fact, as made by the district court, are all in plaintiff's favor, and such findings fully sustain the allegations of the complaint. We shall not set out the findings in this opinion, as no good purpose could be served by so doing. Our conclusion is that the findings sustain the judgment.

Judgment affirmed.

Morgan, C. J., and Fisk, J., concur. Spalding, J., concurs specially. Ellsworth, J., dissents.

Spalding, J. I concur in granting the motion to strike out the statement of the case. The evidence in this case was all taken in the form of depositions, and it required only a few minutes work on the part of attorneys and court stenographer to put it into the shape of a proposed statement, thus making any great length of time entirely unnecessary to prepare it. The fact that the judge had in his possession the record does not relieve appellant's counsel of the necessity of making an effort to procure it, and it nowhere appears that they ever applied to the judge for the record, as they should have done after learning from the clerk where the record was.

I also concur in the affirmance of the judgment; but not because I think the findings show any fraud on the part of the mortgagee. I am of the opinion that the receipt of the rent by the purchaser, who was the mortgagee, which accrued during the year allowed for redemption, and which amounted to more than the debt, worked a redemption. Norton could have taken the rent before the year of redemption expired, and the fact that he did not take it until he had obtained the sheriff's deed should not effect the question. Where the rental equals or exceeds the amount necessary to redeem, the ceremony of redemption by the mortgagor and an accounting by the purchaser would be idle, and I am of the opinion that the law

does not contemplate it. In this case Norton held a second unfore-closed mortgage, and the excess of rent over the amount necessary to redeem from the sale would apply on the second mortgage. The judgment of the trial court and the decision of this court works this result, although not so stated in the opinion, and my only object in concurring specially is to make it clear that I do not assent to any findings of fraud.

ELLSWORTH, J. (Dissenting.)  I am unable to concur in the opinion of my associates either upon the holding striking out the statement of the case or in affirming the judgment. I believe that upon the showing made in the district court the cause shown was amply sufficient, so far as appellant was concerned, for extending the time for preparing and settling the statement of the case. But, assuming that the cause shown for an extension of time was insufficient, I still believe that the conclusions of law of the district court are not supported by its findings of fact, and that the judgment, not being properly supported, should be reversed.

From the affidavit served upon respondent's counsel, it appears that appellant's attorneys had on September 19, 1908, received instructions to appeal from the judgment of the district court, that pursuant to such instructions they had applied to the clerk of the district court for the original files of the action and the depositions taken, which, it seems, included the entire testimony of the case, and were informed by the clerk that all of these papers were in the hands of the judge of the district court, and that for that reason he could not supply them to appellant's attorneys.

This affidavit is corroborated by that of the clerk of the district court, who states that he has been applied to by defendant's attorney "several times for the files of the above-entitled cause, including the depositions, testimony, and exhibits, but that he was unable to give them to him for the reason that they had not been returned by the court since rendering judgment in the case." These affidavits were made the basis of an application to the judge of the district court for an order extending the time in which to prepare and serve a statement of the case. This application was made without notice to respondents' counsel; but, while this practice of ex parte applications in matters of this character is not to be commended, it seems to be in vogue in some districts of the state, and

furnishes no reason for impugning the order made provided it is in other respects legal and sufficient.

The judge of the district court with affidavits before him stating that he had in his hands all original files and papers in the case, and that appellant's attorneys could not by reason of this fact have access to this record, made an order extending the time within which a statement of the case might be prepared and served to March 1, 1909. The order as originally prepared by appellant's counsel contained in typewriting the date to which the time was extended as November 1, 1908; but the judge has stricken out this date and inserted instead a date providing for an enlargement of time much greater apparently than that contemplated by appellant's attorneys. On October 1st this order was served on counsel for respondent, who at once wrote counsel for appellant acknowledging receipt of a copy of the order, stating: "We think this order is absolutely void. We certainly have never known or heard of a statute or any practice authorizing the making of such an order." Notwithstanding their belief in this particular, however, and the fact that respondent's counsel must have known of the statute permitting, upon good cause shown in the furtherance of justice, an extension of time for the purpose of performing any of the acts required by Section 7065, including preparation and service of a statement of the case, respondents' counsel took no action whatever to secure a vacation of the order or to bring to the attention of the trial court a showing that the facts alleged by appellant as a ground for such order were insufficient or untrue.

My associates hold that the order extending the time for settling a statement of the case is void for the reason that no sufficient reason for extending the time was shown, and give as their only reason for this holding that "the papers and files in said action were in the possession of the district judge, and it is to be presumed that appellant's attorneys could have procured the papers and files at the same time that they procured the order extending the time for settlement of the case to March 1, 1909." In my opinion a presumption exactly the contrary of this should guide the action of this court in reviewing the order of the judge of the district court. He was then acting clearly within his jurisdiction, and all presumptions of law and fact are in favor of the correctness of the order. It is a matter in which a district judge has a wide discretion, and the order will not be dis-

turbed except in case of an obvious abuse of discretion. Tuttle v. Pollock, 123 N. W. 399. When the judge of the district court made the order extending the time, his action in this behalf corroborated the statements of appellant's counsel and the clerk of the district court to the effect that all original files and documents in the action, including depositions and exhibits, were in the hands of the judge of the district court, or, in any event, beyond the reach of appellent's counsel, and that they presumptively would be so until about the time expressed in the order, which as before shown was considerably enlarged by the district judge at the time he signed the order. In other words, as I view it, by such action, the judge of the district court admitted that he had the entire record of the case in his possession, and was knowingly withholding it from the files of the district court for Eddy county, and that he intended to continue to so withhold it until about the close of the period to which the time for settling the statement of the case was extended.

It is clearly reasonable that appellant's counsel could not be expected to prepare a statement of the case until they had in hand the original files in the case, and that if these files were knowingly withheld by the judge of the district court, or had been lost or mislaid by him so they could not be produced, such fact furnished a sufficient reason for asking an extension of time. If this allegation was untrue, it is inconceivable that the judge of the district court with an affidavit before him making such assertion would have extended the time. If the respondent's counsel had reason to believe that the fact alleged was untrue, they had abundant opportunity between October 1, 1908, and March 1, 1909, to bring the facts that had come to their knowledge to the attention of the district court and ask that the order be vacated. Then, if it appeared that the order was made through improvidence or inadvertance of the district judge or that the state of fact alleged in the affidavits presented by appellant's attorneys did not exist, it will be presumed that it would at once have been vacated.

Taking the affidavit submitted by the appellant's counsel, therefore, together with the presumptions that attend the action of the district judge, in my opinion no reasonable question can be raised of the sufficiency of the ground for granting an extension of time. The district judge afterward settled a statement of the case over the direct objection of appellant's counsel that the order extending the

time was void as being based on an insufficient showing of cause. This gives added confirmation to the assertion of plaintiff's counsel that, until a short time before the statement of the case was actually prepared and served, the documents without which it was impossible to prepare such statement were inaccessible to them. In my opinion the practice of allowing an order which counsel believed to be void to remain in force during all times that the district court had jurisdiction of the case, and then undertaking for the first time to make direct objection thereto in this court, is not a good one, nor should it be encouraged. If respondent's counsel had not known of the order extending the time for preparing a stated case until after the appeal was taken and the record transmitted to this court, there might have been some reason for his making the motion to strike out the statement of the case. Knowing or believing as he did for a period of almost five months before the proposed statement was served that the order extending the time was void, he should have made his objection to the district court.

My associates in their opinion after holding that the statement of the case must be stricken out deem the judgment roll worthy of but scant consideration, and dispose of it with the statement that "the findings of fact as made by the district court are all in plaintiff's favor, and such findings fully sustain the allegations of the complaint. We shall not set out the findings in this opinion as no good purpose could be served by so doing." While it was unquestionably the purpose of the district court to make its finding and enter its decree in favor of the plaintiff, in my opinion such findings as may legitimately be considered findings of fact signally fail either to support the conclusions of law or to sustain the decree.

After putting aside from our consideration all evidence relied upon by the appellant as was done by a majority of the court in this case, the judgment roll should be scanned with more searching scrutiny than in a case where the evidence is present and may be considered for the purpose of impeaching the findings. Such examination discloses that the action is not one to redeem from a mortgage foreclosure or from another mortgage held by appellant on which foreclosure has not been made; but is in fact an action to set aside a foreclosure and to have the mortgage foreclosed and another upon the same land belonging to appellant offset against the value of certain grain taken from the premises by appellant after the expiration of the year of redemption.

As shown by the findings of fact, the mortgage of which foreclosure was made was given on November 10, 1897, to secure payment of a debt of $125 with interest at 12 per cent., due on November 10, 1900, this mortgage was first assigned to one S. A. Flanders, and was on March 4, 1898, again assigned to appellant Norton. Appellant's assignment was recorded on June 6, 1906, and on the same day he commenced proceedings to foreclose the mortgage by advertisement. On July 20, 1906, pursuant to notice duly published, the land was offered for sale by the sheriff of Eddy county and sold to appellant Norton for the sum claimed to be due on the mortgage of which he was the assignee, being $268 and the costs of the sale, $48.72, in all amounting to $306.75. A certificate of sale was made to appellant Norton by the sheriff of Eddy county, reciting, among other things, that he was the highest and best bidder at said sale; that the sale was made to him for the amount due on the mortgage and the costs of the sale, amounting in all to $306.75; and that the land was subject to redemption within one year on payment of the purchase price with interest as provided by law. No redemption from this foreclosure sale was made, and on August 7, 1907, the sheriff of Eddy county made to appellant Norton a deed based on the foreclosure of said mortgage, purporting to convey the land to him. About September 1, 1907, appellant Norton, claiming title under the sheriff's deed, went upon the land and took therefrom and sold grain produced and threshed from the crop of 1907 amounting in value after the necessary expenses of marketing were deducted to $386.25. It is almost needless to say that this recital of fact shows a valid foreclosure of mortgage and an unquestionable conveyance of the land to appellant. This being true, appellant had the undoubted right to take and receive not only after the year of redemption, but during that year as well from the tenant in possession of the lands the rents of the property or the value of the use and occupation, subject only to a liability to account for the same in case of redemption. When no redemption was made, this value of the use and occupation of the property during the year of redemption became appellant's absolutely. Rev. Codes 1905, 7148.

The findings of fact further recite that at the time of the foreclosure of the mortgage in question there was due thereon $125 with interest at 12 per cent. per annum for six years, eight months,

and ten days, which then amounted to $225.40, and that the sale was made for $32.58 in excess of the amount due; that the certificate of sale made by the sheriff to appellant Norton recited as a fact that at the time of sale there was due on said mortgage in principal and interest $258, when, in fact, there was due only $225.42. Then follow findings entered with an evident purpose of sustaining a conclusion that appellant in the purchase of said premises at the sale made by him as assignee of the mortgagee did not act in good faith, but unfairly and fraudulently to such an extent as to invalidate the foreclosure. These findings are that at the time of the sale the land was reasonably worth the sum of $4,000, and that this fact was known to the appellant, who had for many years resided at a distance of about 14 miles from the land; that in 1900 the title to the land was obtained by one C. C. Hewitt, of the United States Army, who died seised and possessed of the same in the autumn of the year 1905; that soon after Hewitt acquired title to said land his mind became so impaired that he lost his memory and his capacity for doing business; that none of his heirs knew anything of it, and that the plaintiff J. B. Folsom, his agent and afterward his administrator, had no recollection of it; and knew nothing of the foreclosure until the defendant entered upon the land and took the crop produced there in the year 1907; that Hewitt purchased the land through the plaintiff Folsom who from the time of the purchase in 1900 acted as his agent in renting the land, collecting the rents and paying the taxes; that Folsom for many years resided in the city of Fargo, and was and is a well-known real estate dealer, and the records of Eddy county show that in each year the taxes against said land were regularly paid by Hewitt or by Folsom; that at any time prior to the time of the foreclosure sale defendant knew that the land was being farmed and cultivated to crop by tenants in actual possession of the land, and he knew or could readily have ascertained the fact that Folsom was paying the taxes on said land and receiving the rents and was representing the owners of it, and he knew that in all probability the existence of said mortgage was not known to J. B. Folsom, or to any person having interest in the land, and yet he never in any manner attempted to give notice of his claim to Folsom or to any of the other plaintiffs, who are brothers and heirs of Hewitt.

The facts so recited are evidently meant to form the entire basis of the ultimate conclusion improperly set out as a finding of fact in

the words: "That Frank D. Norton did not fairly and in good faith purchase said land at said foreclosure sale. At the time of said purchase the defendant did not have an honest intention to abstain from taking an unconscientious advantage of the owners of said land through the forms or technicalities of law. He did not purchase the land at said foreclosure sale with an absence of all information or belief of facts that would render the purchase unconscientious."

The only conclusion of law entered as such by the court is in the words: "As a conclusion of law the court finds that the foreclosure sale under which the defendant claims title to said land is void, and that the same should be canceled and annulled and that the net proceeds of the crop produced on said land in the year 1907 which the defendant received, amounting to the sum of $486.25, should be applied as money received by him to apply in satisfaction and discharge of the amount due on said first mortgage and then to the amount due on the second mortgage, and that the balance of said mortgage debt which the plaintiffs have tendered, amounting to the sum of $275, shall be paid to the defendant or paid to the clerk of the court for the use and benefit of the defendant, and that on such payment being made, the clerk shall enter judgment herein to the effect that the said mortgages and each of them be canceled and discharged, and the said foreclosure sale be canceled and declared and adjudged to be void, and that the plaintiffs have their cost of this action," etc. I believe that the most careful scrutiny will fail to disclose in these findings any valid grounds for the conclusion just recited. It appears that the mortgage foreclosed was recorded in 1897, at the time it was given, and was at all times thereafter constructively known to the plaintiffs and all persons claiming title to the land. The note which the mortgage secured fell due on November 10, 1900, but was not paid, and for a period of almost seven years thereafter the annual interest was also unpaid. Appellant, notwithstanding this entire disregard by the owner of the land and his agents of the existence of the mortgage and the fact that it was long overdue, waited until only a few months before the note would become void by the statute of limitations, and then commenced and regularly conducted a foreclosure by advertisement. At the sale he became the purchaser; and, while it appears that the price bid by him was very considerably below the actual

value of the land, he bid what he evidently supposed was the amount due upon his mortgage and the sale being regular in all respects, the mere fact of inadequacy in price will not operate as a reason for holding the mortgage invalid. He did not attempt to take the rents or value of the use and occupation of the land even during the year of redemption until after he had received a sheriff's deed of the land. And then, no redemption being made, he took them from the tenant in possession as he had an entire right to do without being liable to the charge that he was converting the grain so received as rent. There is nothing to show that he knew of Hewitt's impairment of mind or loss of memory or capacity for doing business. There was no duty upon appellant to record his assignment of mortgage or to notify Folsom that he held the mortgage. On the other hand,, Folsom, who in 1900 purchased the land and had been continuously from that time acting as Hewitt's agent for the purpose of looking after the land was inexcusably negligent of his principal's interest in failing to provide for the payment of either interest or principal upon the mortgage which he knew was due in 1900. The fact that he forgot about or had no recollection of the mortgage rather aggravates than excuses his negligence. There is certainly not the slightest evidence of bad faith on the part of appellant in the fact that he did not search the tax records or inquire of the tenant on the land or take other means to ascertain the address of Folsom and when ascertained notify him that he hald an overdue mortgage on the land, when the mortgage had been for a period of 10 ears or more spread upon the records of Eddy county, and Folsom, a real estate dealer who had purchased the land for Hewitt, must have known of its existence and the fact that it was unpaid, long past due, and liable to foreclosure at any time.

This court has held that in a case where the notice of sale stated the amount due on the loan to be $81.96 when it should have been only $67.50, according to the terms of the notes that "there is no allegation of fraud or bad faith in inserting a wrong amount and there is no allegation that anyone was misled thereby," and consequently the validity of a foreclosure otherwise legal was not affected by such misstatement. It has also held in the same case that "mere inadequacy of the price in a foreclosure sale is not ground to set aside the foreclosure in the absence of fraud, undue

advantage, or prejudice." In this case 160 acres of land or an amount the same as that covered by appellant's mortgage in the case at·bar was sold for $81.96, and the court refused to disturb the foreclosure under an attack very much the same as that made in this case. Grove v. Gt. Nor. Loan Co., 17 N. D. 352, 116 N. W. 345.

Unless inadequacy of the price paid by appellant or the fact that his notice of foreclosure did not state the true amount due on his note at the time of sale are to be regarded as reasons sufficient for invalidating the foreclosure, there are none other. If he had knowledge of Hewitt's insanity and that Hewitt was without a competent representative duly authorized to look after the title to the land, or had done any affirmative act which prevented the knowledge of his foreclosure from coming to the knowledge of Hewitt's representative, the case would have been different. The facts seem to be, however, that appellant after waiting until his note was about to outlaw proceeded publicly to advertise the land for sale, and that at a sale regularly in all respects conducted according to law he bid what he believed to be the amount due on his mortgage, and in so doing became the highest·bidder at the sale.

By due publication of the notice of sale plaintiffs had the notification which the law provides as full and sufficient If this· sale can be brought in question, any sale under foreclosure by advertisement, where the land is bid in by the mortgagee at the amount due on the mortgage debt and the price thus paid is inadequate to the value of the land, or there is some slight mistake in stating the amount due, may be brought in question, and titles to land throughout the state be thus unsettled. I believe that, where a foreclosure is conceded to be in all respects valid, this court should not affirm a decree declaring it invalid and void for fraud, unfairness or bad faith under a sweeping generality that the findings of fact of the district court are in plaintiff's favor, and such findings fully sustain the allegations of the complaint. If district courts are to be permitted, as was done in this case, as a basis for adjudged actionable fraud, under the guise of a finding of fact, to insert a conclusion pure and simple without support in other findings, that a purchase was not made fairly and in good faith, then it will be possible in every case where the judgment role is alone

considered for the district court to effectively shut out the consideration by this court of the important question of whether or not the facts considered by it show bad faith, or warrant the decree so holding.

An examination of the evidence taken and appearing in the statement of the case shows beyond question that the findings referred to were drawn even more strongly in favor of plaintiff's contention than the evidence warrants, and that the only basis for the conclusion of unfairness and bad faith on appellant's part are the facts hereinbefore recited. However that may be, the findings fairly considered without reference to the evidence show no reason for declaring the foreclosure invalid. But, even though the foreclosure of the mortgage brought in question were invalid, the further action of the district court in including in its decree a mortgage that has not been foreclosed or redeemed from, or shown to be due and payment tendered thereon, is certainly anomalous. Upon what principle a valid mortgage upon which no action whatever has been taken by the mortgagee can in this manner and in a suit of this character be brought in question, and a debt claimed to be due from the mortgagor to the mortgagee offset against it, I am unable to discover.