. SAMUEL J. RABINOWITZ AND JACOB HERMAN v. W. S. CRABTREE.

(152 N. W. 130.)

**New trial — motion for — application for extension of time — default in making — execution — staying proceedings — transcript from stenographer — levy under execution — discretion of court.**

It is not an abuse of discretion for a trial judge to deny a motion restraining further proceedings under an execution, and excusing a defendant from default in obtaining an extension of time in which to obtain a transcript of the evidence and to move for a new trial, where the trial was had on the 12th day of April; and notice of intention to move for judgment notwithstanding the verdict or for a new trial was made on the 29th day of April, and an extension of sixty days in which to make such motion and to obtain the transcript was made and obtained on such date, and which said extension expired on the 29th day of June, and where no other extension was obtained, and a motion to set aside the default made until the 8th day of August and after the levy of an execution on the judgment, and where, though it was shown that the attorney for the movant was under the impression that no transcript could be obtained for six months, and the transcript as a matter of fact could not be begun by the stenographer until the middle of July on account of the pressure of work on previous cases; but said stenographer testified that he had refused to commence work on such transcript until a deposit was made with him, and no such deposit was made or positive order for the transcript was given before the levy of said execution, and no attempt to obtain an extension of the time in which to obtain the transcript or to move for a new trial was made until after the levy of the same.

Opinion filed March 20, 1915.

Appeal from the county court of Stutsman County, *John U. Hemmi, J.* Action to recover commissions on account of the selling of defendant's land. Motion by defendant to extend the time in which to obtain a

transcript and move for a new trial.   Motion denied.   Defendant appeals.

Affirmed.

Statement of facts by BRUCE, J.   This is an appeal from an order refusing to excuse the defendant and appellant from default in moving for a judgment notwithstanding the verdict, or for a new trial, within the statutory period allowed therefor, and which default was occasioned by the failure of the defendant to obtain a necessary extension of time in which to obtain a transcript of the evidence, and which was rendered necessary by the inability of the stenographer to transcribe the same within the statutory time on account of an accumulation of work in other cases.

The cause was tried on the 12th day of April, 1913, and a verdict and judgment were rendered in favor of the plaintiff.   Thereafter and on the 29th day of April, 1913, and within the 20-day period allowed therefor by statute, the defendant served on the plaintiff's attorneys a notice of intention to move for judgment notwithstanding the verdict, or for a new trial.   Immediately after the trial the defendant notified his attorney to procure a new trial in the said cause, or to appeal from the judgment therein.   Pursuant to such request, defendant's counsel obtained an order extending for sixty days the time in which to obtain his transcript, and to move for a new trial and went to the court stenographer for the purpose of obtaining a transcript of the testimony, though he apparently at no time actually ordered one.   The stenographer informed him that, on account of an accumulation of work on other and prior cases, he would be unable to get out the transcript for some six months, and thereupon the said attorney requested the stenographer to furnish an estimate of the cost of preparing the transcript, which the said stenographer did within a few days.   This is the testimony of defendant's attorney.   The testimony of the stenographer is somewhat different, and to the effect that the attorney stated to him that he desired a transcript; that he made a note thereof, and had no intention of transcribing the record until a deposit was made to cover the cost thereof, and informed said counsel that he would notify him in the usual course when he reached the transcript; and that said stenographer reached said tran-

script and was in readiness to transcribe the same on or about the 1st day of July, 1913, at which time he telephoned the said attorney, stating that he was ready to proceed with the work upon a proper deposit being made, and that he would not commence the operation until it was made; that said counsel stated, in effect, that he did not believe his client would order the transcript if it cost the amount stated, and that he would confer with his client, and that should he desire such work to be done, he would further notify the stenographer.

It appears from the affidavits of all of the parties that no actual order was made for the transcript at any time, and that the testimony has not yet been transcribed. Later and on the 8th day of August, 1913, the plaintiff caused an execution to be levied upon the defendant's property, no steps having been taken in the interim to extend the sixty-day suspension of the proceedings which had been obtained on or about the 29th day of April, 1913, and which expired on or about the 29th day of June, 1913. It appears to be conceded that during all of this time the defendant himself was under the impression that his rights would be protected, though there is no showing that he made any inquiry into the matter before the levy of the execution, or offered to furnish the money necessary for the deposit. On being served with the notice of the levy, however, he immediately went to his attorney, and his said attorney telephoned to the stenographer for the purpose of finding out if he had reached the testimony in question. The court stenographer notified him that he had reached the same about three weeks before, or sometime about the middle of July, 1913, and counsel, within four or five days thereafter, served upon the plaintiff's counsel a notice that he would move on the 12th day of August for an order restraining further proceedings under the execution in question, and excusing the defendant from default, and granting additional time in which to procure a transcript of the testimony in the action and to prepare a statement of the case, and in which to move for judgment, notwithstanding the verdict, or for a new trial, from a denial of which motion the defendant now appeals.

On such motion, plaintiff's counsel offered two affidavits relating to the merits of the proposed motion for judgment notwithstanding the verdict. These affidavits, however, were stricken from the files on motion of counsel for plaintiff.

*C. S. Buck* and *John A. Jorgenson,* for appellant.

The time in which any of the acts to be done in an action, after same is commenced, may be enlarged, upon affidavits showing grounds therefor, by the judge of the court. Rev. Codes 1905, § 7328, Comp. Laws 1913, § 7948.

Where a party employs counsel to look after his interests in a lawsuit, he may rely upon such counsel to do the necessary work timely, and he is excused for any default for which he is not individually responsible, he having done all a reasonably prudent man would do. It is not necessary to show the excusable negligence of the attorney. Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102.

Further than this, all such negligence is excusable, where it is caused by a genuine mistake or miscalculation. Re Davis, 15 Mont. 347, 39 Pac. 292; Jensen v. Barbour, 12 Mont. 566, 31 Pac. 592; Schoonmaker v. Albertson & D. Mach. Co. 51 Conn. 387; Soper v. Manning, 158 Mass. 381, 33 N. E. 516; Wells v. Andrews, 133 Mo. 663, 34 S. W. 865; Heardt v. McAllister, 9 Mont. 405, 24 Pac. 263; Barlow v. Burns, 70 N. J. L. 631, 57 Atl. 262; Williams v. Breen, 25 Wash. 666, 66 Pac. 103; Montijo v. Robert Sherer & Co. 6 Cal. App. 558, 92 Pac. 512; Gumaer v. Bell, 51 Colo. 473, 119 Pac. 681; Neat v. Topp, 49 Ind. App. 512, 97 N. E. 578; Acheson v. Inglis Bros. 155 Iowa, 239, 135 N. W. 632; Nash v. Treat, 45 Mont. 250, 122 Pac. 746; Ann. Cas. 1913E, 751; New York v. Reibstein, 127 N. Y. Supp. 239.

The statutory provision relieving a party from default in taking no proceedings within the statutory time, where he has employed and relied upon counsel to act, and is not at fault himself, the negligence of counsel in failing to take timely steps is not imputable to the client. Lenz v. Rowe, 66 N. J. L. 131, 48 Atl. 525; Hewitt v. Hazard, 33 App. Div. 630, 53 N. Y. Supp. 340; Nash v. Wetmore, 33 Barb. 155; Sharp v. New York, 31 Barb. 578, 19 How. Pr. 193; Elston v. Schilling, 7 Robt. 74; Clark v. Lyon, 2 Hilt. 91; De Marco v. Mass, 31 Misc. 827, 64 N. Y. Supp. 768; Gideon v. Dwyer, 17 Misc. 233, 40 N. Y. Supp. 1053; Steer v. Head, 1 How. Pr. 15; Fenton v. Garlick, 6 Johns. 287; Philips v. Hawley, 6 Johns. 129; Tripp v. Vincent, 8 Paige, 176; Curtis v. Ballagh, 4 Edw. 635; Van Cott v. Webb-Miller, 25 Pa. Super. Ct. 51; Weir v. Craige, 13 Pa. Co. Ct. 46; Bright v. Mc-

Laughlin, 1 Pa. Co. Ct. 296; Knittle v. Compton, 4 C. P. Rep. (Pa.) 117; Scranton Supply Co. v. Cooper, 4 C. P. Rep. (Pa.) 103; North v. Yorke, 12 Montg. Co. L. Rep. 168; Brandle v. Jones, 2 Woodw. Dec. 7; Hinton v. Hart, 1 Woodw. Dec. 97; Denseheau v. Saillant, 22 R. I. 500, 48 Atl. 668; Warth v. Moore Blind Stitcher & Overseamer Co. 125 App. Div. 211, 109 N. Y. Supp. 116.

"A mistake of a party's counsel may be pleaded as an excuse for the default and as a reason for opening the judgment, provided it was genuine, and a mistake of fact, and not of law." Shurtleff v. Thompson, 63 Me. 118; Lutz v. Alkazin, — N. J. Eq. —, 55 Atl. 1041; Barnes v. Harris, 2 How. Pr. 32; Allan v. Smith, 20 Johns. 477; Wray v. Winner, 1 Phila. 335; Nahe v. Bauer, 133 App. Div. 373, 117 N. Y. Supp. 355; Robinson v. Collier, 53 Tex. Civ. App. 285, 115 S. W. 915; Boggs v. Inter-American Min. & Smelting Co. 105 Md. 371, 66 Atl. 259; Meisenheimer v. Meisenheimer, 55 Wash. 32, 133 Am. St. Rep. 1005, 104 Pac. 159; Searles v. Christensen, 5 S. D. 650, 60 N. W. 29; Melde v. Reynolds, 129 Cal. 308, 61 Pac. 932; Scott v. Smith, 133 Mo. 618, 34 S. W. 864; Collier v. Fitzpatrick, 22 Mont. 553, 57 Pac. 181; Horton v. New Pass Gold & S. Min. Co. 21 Nev. 184, 27 Pac. 376, 1018; Dunham v. Van Arnum, 1 How. Pr. 225; Koch v. Porter, 129 N. C. 132, 39 S. E. 777; English v. English, 87 N. C. 497; Springer v. Gillespie, — Tex. Civ. App. —, 56 S. W. 369; Brown v. Philadelphia, W. & B. R. Co. 9 Fed. 183; Pittock v. Buck, 15 Idaho, 47, 96 Pac. 212; Michigan Ammonia Works v. Ellk, 47 Pa. Super. Ct. 294.

The negligence of an attorney may be excusable when attributable to an honest mistake or accident, or any cause which is not incompatible with proper diligence. O'Brien v. Leach, 139 Cal. 220, 96 Am. St. Rep. 105, 72 Pac. 1004; Fulweiler v. Hog's Back Consol. Min. Co. 83 Cal. 126, 23 Pac. 65; Allen v. Hoffman, 12 Ill. App. 573; Spaulding v. Thompson, 12 Ind. 477, 74 Am. Dec. 221; Ordway v. Suchard, 31 Iowa, 481; Clifford v. Gruelle, 17 Ky. L. Rep. 842, 32 S. W. 937; Lockett v. Toby, 10 La. Ann. 713; Riley v. Louisville, 2 La. Ann. 965, 46 Am. Dec. 560; Crane & O. Co. v. Sauntry, 90 Minn. 301, 96 N. W. 794; Benwood Iron-Works Co. v. Tappan, 56 Miss. 659; Cabanne v. Macadaras, 91 Mo. App. 70; Collier v. Fitzpatrick, 22 Mont. 553, 57 Pac. 181; Loeb v. Schmith, 1 Mont. 87; Lawson v. Hilton, 89 App.

Div. 303, 85 N. Y. Supp. 863; Mitchell & L. Co. v. Downing, 23 Or.
448, 32 Pac. 394; Boyer v. Jones, 1 Woodw. Dec. 498; Brown v. Wein-
stein, 40 Mont. 202, 105 Pac. 730; Ziegler v. Smith, 1 N. Y. Crim.
Proc. Rep. N. S. 256, 115 N. Y. Supp. 99; Taylor v. Pope, 106 N.
C. 267, 19 Am. St. Rep. 530, 11 S. E. 257; Citizens' Nat. Bank v.
Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102.

*Jones & Hutchinson* and *Thorp & Chase* for respondents.

The statute, although very liberal, does not go so far as to allow time
to be extended in such cases without cause and against objection.
There must be good cause shown, and it must appear that the extention
is in furtherance of justice. The matters here presented are not analo-
gous to the opening of a default judgment. McDonald v. Beatty, 9 N.
D. 293, 83 N. W. 225; Woods v. Walsh, 7 N. D. 376, 75 N. W. 769;
Gardner v. Gardner, 9 N. D. 192, 82 N. W. 872; McGillycuddy v.
Morris, 7 S. D. 592, 65 N. W. 14.

The trial court's action will not be disturbed unless there has been
an abuse of discretion. Smith v. Hoff, 20 N. D. 419, 127 N. W. 1047;
Folsom v. Norton, 19 N. D. 722, 125 N. W. 311.

Ignorance of the law affords no good excuse for negligence, and is
not such a mistake as is meant or that the courts will consider, upon
such an application. It is not a furtherance of justice. Moe v.
Northern P. R. Co. 2 N. D. 282, 50 N. W. 716.

BRUCE, J. (After stating the facts as above). This is one of the
unfortunate cases of delay which would appear to be largely due to
the laxity of conduct which must inevitably arise under a procedure
where a transcript is deemed to be necessary in order that a motion
for a new trial may be passed upon, and in a district where the steno-
grapher is totally unable to keep up with the work of the court, so that
extensions of time must necessarily be obtained in practically all cases,
and are so common that motions for a new trial within the statutory
period are of but rare occurrence.

We cannot help but feel that counsel for appellant and defendant
was negligent. In other words, that he should have obtained an ex-
tension of the order of suspension which was obtained immediately
after the trial, and which was limited to sixty days. His client, too,
certainly must be presumed to know the law, and that a motion for a

new trial must be made within the sixty days prescribed by the statute unless an extension of time is had. He must also be presumed to know of the sixty-day extension and of the expiration thereof. It is clear also that no specific order for the transcript was ever made, nor was the deposit forthcoming which was necessary before the stenographer would commence work thereon. It is quite clear that if such an order had been entered, and although the work would not have been commenced thereon until the middle of July, such transcript would probably have been completed prior to the levy of the execution, which was on the 8th day of August, 1913, though not within the sixty-day period of suspension. The question before us is whether the trial court abused its discretion in refusing to consider the affidavits relating to the merits of the motion for a judgment notwithstanding the verdict or a new trial, and in refusing to extend the period of suspension already granted, so as to allow the transcript to be obtained and the motion for a new trial to be properly passed upon. We do not think that it did, as the affidavit of the stenographer conclusively shows that no order for a transcript was made and no deposit of the money necessary was ever made or offered.

Any other rule would interfere greatly with the expedition of business, and add much to the delay and burden of litigation. The knowledge of the attorney in matters of procedure must as a general rule be imputed to the client, as any other rule would allow the continuing of any case, and the endless prolongation of litigation. We do not say that if the motion had been granted we would have interfered with the court's discretion in the premises, but we must presume that the trial court exercised its best and wisest discretion; that it was conversant with the case which had been recently tried before it, and that it was not of the opinion that any injustice had been done and that any relaxation of the rules was necessary. It is true that § 6884, Rev. Codes 1905, § 7483, Compiled Laws of 1913, provides that the court may allow any "act to be done, after the time limited by this Code, or by an order enlarge such time; and may also, in its discretion and upon such terms as may be just at any time within one year after notice thereof, relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." There was, however, no surprise in this case as far as defend-

ant's counsel was concerned, and it would be extending the law too far to say that a client is surprised who, though knowing that a transcript must be obtained, makes no personal effort to obtain the same or to deposit the money therefor, and who by appointing the attorney as his agent to make the motion and to perfect the appeal, if necessary, must have intrusted him with the necessary negotiations. We must remember that this is not a case like that of Citizens' Nat. Bank v. Brandon, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102, where no trial had been had and where a default was sought to be set aside, but one in which a trial was had and a verdict rendered.

It is true that the affidavits disclose the fact that defendant's counsel was laboring under the honest belief that the court stenographer would not reach the transcript in question for a period of six months. This fact, however, would hardly justify the failure to apply to the court for an extension of the sixty-day order for the suspension of the proceedings. There must be some end to litigation, and trial courts must have some reasonable control over their calendars. The general rule seems to be that, unless there is a grave question whether the discretion of the district court has been soundly exercised, it will not be disturbed. Smith v. Hoff, 20 N. D. 419, 127 N. W. 1047; Woods v. Walsh, 7 N. D. 376, 75 N. W. 767; Moe v. Northern P. R. Co. 2 N. D. 282, 50 N. W. 715; McGillycuddy v. Morris, 7 S. D. 592, 65 N. W. 14.

We, too, must remember that the court reporter positively swore that he "reached said transcript, and was in readiness to transcribe the same on or about the 1st day of July, 1913,"—some two or three days after the stay of the execution had expired,—"and at or about said time secured the stenographic notes from the files of the clerk of said court, and thereupon called the said C. S. Buck over the telephone between our offices within the city of Jamestown, North Dakota, and at said time so informed said C. S. Buck that affiant was ready to prepare transcript of said case upon C. S. Buck making a proper deposit to cover the cost of preparation of the same, and then and there informed said C. S. Buck that under the 1913 new practice act, the estimate of the said transcript would be the sum of $75, and that affiant would not commence the preparation of said transcript until the same was placed in my hands or on deposit on my account, whereupon said C. S. Buck stated in effect that he did not believe his client, the

defendant herein, would order the transcript if the cost was to be in such an amount, and that he would confer with him, and, should he desire affiant to prepare said transcript, said C. S. Buck would further notify affiant to that effect; and that affiant has never received any other or further order for said transcript, and has never at any time received in hand or on deposit from said defendant, or his counsel, any money as compensation for the preparation thereof; and that affiant retained said stenographic notes in said case for some weeks thereafter, after the said telephone communication with said C. S. Buck, and not having received any further notice relative to the preparation of said transcript, affiant on the 18th day of July, 1913, returned the stenographic notes in said case back to the files of the clerk of said court, and took it for granted that no transcript in said action was desired, and affiant noted the date of returning of said stenographic notes to the clerk's files, and the matter with reference to the ordering of transcript as a memorandum for further reference, if necessary; and affiant, in the preparation of this affidavit, has made reference to such memorandum; that at the time of the said telephone communication with C. S. Buck, affiant also stated to said Buck the estimated cost for a single copy of said transcript." These facts are not disputed by Mr. Buck, nor by his partner, Mr. Jorgenson. The only conversations that Mr. Jorgenson, in fact, swears to or about are those held personally between him and the court reporter, and the first of these was held August 9th. Mr. Buck also makes no reference to the conversation of July 1st which was sworn to by the reporter, McFarland, and neither affirms nor denies the reporter's affidavit in relation thereto.

This being the state of the record, we hardly have a case where this court would be justified in interfering with the discretion of the trial judge, and it is only in the case of a clear abuse of discretion that we have any right to interfere. The trial court could certainly well infer from the affidavits that were filed, that the defendant's counsel had purposely refrained from ordering the transcript, and from taking the necessary steps to obtain a hearing upon the motion.

The order appealed from is affirmed.