This is an appeal from the order of the court denying appellant's motion to extend the time for the settlement of the statement of the case. From the record presented to the court it appears this case had, prior to November, 1922, been tried to a jury and the jury disagreed. In November 1922, the case was again tried to a jury and again there was a disagreement. Plaintiff, at the close of the trial, moved for a directed verdict and after the disagreement made a motion for judgment, inadvertently terming it "a judgment notwithstanding the verdict," and this motion for various reasons not stated was not determined until July 1st, 1925, at which time the court granted the motion and judgment was entered thereon. An appeal was perfected and upon stipulation of counsel the time for settlement of the case was extended until November 30th, 1925. No further steps were taken until June 12th, 1926, when plaintiff served upon respondent this motion for further extension of time, basing it upon the affidavits of F.T. Cuthbert and F.J. Roberts, two of his counsel. These affidavits are to the effect that there were two firms of attorneys representing appellant, and through some misapprehension of duty each firm thought the other was attending to the work; that owing to the interval of time elapsing between the trial and the order for judgment, the details of the case were forgotten; that the application is made in good faith, in furtherance of justice and not for delay. Plaintiff submitted the affidavit of its counsel, W.J. Courtney, to the effect that he had agreed to an extension of time until November 30th, 1925, but since then has never agreed to any extension, but had "on several occasions requested that the appeal be perfected;" that "no assignment of error had as yet been served" and that he had refused to stipulate a further extension. Upon these affidavits and the record before him the court, on June 25th, 1926, denied defendant's motion. *Page 819 
The court, as shown by the order, seems to have had in mind the futility of an appeal as it appeared to him, and gave this as a reason for denying the motion. From this order the defendant appeals.
Section 7655 of the Code prescribes the time within which a statement of the case must be prepared and settled, and § 7666 permits the court to extend this time "upon good cause shown" and "in furtherance of justice." As stated in Smith v. Hoff, 20 N.D. 419, 127 N.W. 1047, this latter section is remedial, "and must be liberally construed in favor of the purposes obviously intended to be served by its enactment." The purpose is to relieve a party from default when "good cause" is shown. What is "good cause" for delay cannot be determined by any hard and fast rule. Each case is judged by its own circumstances. The "good cause" shown must be such as appeals to the discretion of the court, which discretion, of course, is not an arbitrary discretion. In this case time was extended until November 30th, 1925 — a period of five months. From the record it appears that nothing whatever was done during that time — no transcript secured, nor any reason shown for not getting the transcript, no sickness or other cause shown, but the case was simply permitted to rest. In the meantime, Mr. Courtney says, and it is not denied, that on several occasions he asked that the appeal be perfected. When the stipulated time expired no steps were taken to extend the time, but on the contrary between six and seven months elapsed before any action whatever was taken to settle the statement. The court found no "good cause" was shown. True, the court stated his opinion as to the merits in the case, but the merits are not before us. The delay and failure to act is the same no matter what the merits are. It may be that a case which the court deemed meritorious might appeal more strongly to his discretion in favor of granting the motion, but the discretion exercised is as to the "good cause" shown for the delay, not as to the merits.
The rule laid down in this court in McDonald v. Beatty, 9 N.D. 293, 83 N.W. 224, is to the effect that such a statute "although exceptionally liberal, does not go so far as to allow time to be extended — without cause and against objection." In the instant case the only cause attempted to be shown is the misapprehension of counsel, or misunderstanding as to respective duties. In Folsom v. Norton, 19 N.D. 722, 125 N.W. 310, the appellant made "no effort whatever *Page 820 
to procure the files or settle the statement of the case within the time allowed by law," and so the ex parte order of the lower court extending the time and settling the statement was reversed and the statement stricken from the record. The showing was to the effect that the lower court had the files and papers in its possession, but no attempt was made to secure them and this court held no "good cause" was shown. In the instant case nothing whatever was done. There is no claim that either firm had made arrangements or thought it had made arrangements with the other firm to look after the case. Nor is there any fact set forth upon which this misapprehension or misunderstanding was based. We are of the opinion the lower court did not abuse its discretion in refusing to extend the time further, and so the order of the lower court is affirmed.
CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.