MILLERS & TRADERS STATE BANK, of Minneapolis, Minnesota, a Corporation, Respondent, v. NATIONAL FIRE INSURANCE COMPANY, of Hartford, Connecticut, a Corporation, Appellant.

(212 N. W. 834.)

**Appeal and error — application for settlement of a statement of case — after time limit — discretion of trial court.**

An application for settlement of a statement of the case after the time limited therefor by the statute has expired is addressed to the sound judicial discretion of the trial court, and its ruling will not be disturbed unless the record presented on appeal shows that the trial court abused its discretion. It is held that in the instant case there was no abuse of discretion.

Opinion filed February 14, 1927. Rehearing denied March 15, 1927.

Appeal and Error, 4 C. J. § 2008 p. 359 n. 71; § 2827 p. 842 n. 55.

Appeal from the District Court of Ward County, *Moellring,* J.

Defendant appeals from an order denying an application to settle a statement of the case after the expiration of the time limited therefor. Affirmed.

*Zuger & Tillotson* (*William Furst* of counsel), for appellant.

Annotation.—Review of discretionary action, see 2 R. C. L. 211; 1 R. C. L. Supp. 449; 4 R. C. L. Supp. 93.

"Judgment by default is properly set aside on the ground of surprise and excusable neglect, when such judgment was entered through the failure of counsel to act, after being engaged by defendant to enter a plea for him, and left in attendance upon the court. The counsel's laches as to his duty to enter an appearance and file proper pleadings cannot be attributed to the defendant, and allowed to prejudice him." Taylor v. Pope (N. C.) 19 Am. St. Rep. 30.

"Defaults incurred through the ill advice or negligence of counsel are to be relieved against as well as any others." Whereatt v. Ellis (Wis.) 35 N. W. 314.

*L. J. Palda, Jr., C. D. Aaker, C. E. Brace* and *Robert W. Palda,* for respondent.

"It is therefore clear that, regardless of any appeal taken, whenever good cause is shown for the settling of a record or of the amendment of one already settled—even it be necessary to extend the time theretofore granted for the settling of the record—the trial court retains full authority and has full right to settle a record, and should so settle or amend it where the ends of justice so require." State ex rel Rearick v. Liggett, 32 S. D. 257, 142 N. W. 974.

CHRISTIANSON, J. This is an appeal from an order of the district court of Ward county denying appellant's motion for settlement of a statement of case after the expiration of the time allowed by law for such settlement. The action is one upon a policy of insurance, and was tried in the district court of Ward county on February 4, 1926, before the Honorable Geo. H. Moellring, one of the judges of the fifth judicial district, and a jury. There was a verdict in favor of the plaintiff and on February 8, 1926, judgment was entered pursuant to the verdict and notice of entry of such judgment was forthwith served upon defendant's counsel. On February 10, 1926, upon application of defendant's counsel, the trial court entered an order extending the time in which to prepare, serve and settle a statement of case for a period of sixty days from the date of the entry of judgment. On April 10, 1926, another order was entered extending the time in which to settle the statement of case until June 1, 1926. Both of said orders provided for a stay of execution. No further proceedings were had until August 7, 1926, when the defendant served and filed notice of

appeal and undertaking on appeal. Nothing further was done by the defendant or its counsel as regards said appeal, and on September 15,. 1926, plaintiff's counsel prepared and served notice of motion for a dismissal of the appeal on the ground, among others, that the same had not been prosecuted with due diligence and that the rules of this court regarding appeals had been disregarded or violated. Such motion was noticed for hearing and came on to be heard October 5, 1926. At such hearing both parties appeared by counsel who had represented them upon the trial of the action. Affidavits were submitted on both sides, and after full hearing and due consideration this court on October 26, 1926, entered an order dismissing the appeal. During all of this time no attempt had been made by the appellant to procure a settlement of the statement of case and it was conceded that in the absence of a statement of case a hearing of the appeal would be futile and must of necessity result in an affirmance of the judgment. On November 5, 1926, appellant appeared, through counsel retained after the entry of the order dismissing the appeal, and asked for an order staying the remittitur until an application could be made to the district court for a settlement of the statement of case; and with the suggestion that in event the remittitur was stayed the defendant would forthwith apply to the district court for a settlement of the statement of case; and if the statement was settled would then apply to this court for a reinstatement of the appeal. The remittitur was stayed until December 1, 1926, and by subsequent order this period was extended until December 11th. On November 10, 1926, the defendant applied to the district court for an order to show cause why the time for settlement of the statement of case should not be enlarged and the statement settled accordingly. The application was supported by the affidavits of one William Furst (one of the attorneys who represented the defendant at all times during the trial of the cause in the district court) and Mr. Zuger (who had been retained as counsel for the appellant after the appeal had been dismissed). The trial court issued an order to show cause returnable November 19, 1926. On the return day plaintiff's counsel appeared and filed a special appearance wherein they objected to the jurisdiction of the court on the ground, among others, that inasmuch as an appeal had been taken to the supreme court and such appeal dismissed, the district court was without jurisdiction to entertain an

application for settlement of the statement of case. The plaintiff also filed a return to the order to show cause wherein the facts relating to the entire proceedings had at the trial and subsequent thereto were set forth, and it was asserted that no good cause existed for a settlement of the statement of case at that time. This return was supported by several affidavits, including that of the court reporter, who officiated at the trial of the case, the agent of the defendant insurance company, by whom the policies were issued, and the attorneys for the plaintiff. To the latter affidavits were attached a number of exhibits including certain correspondence between such attorneys and William Furst, the attorney for the defendant. The various affidavits submitted by the plaintiff set forth in detail occurrences subsequent to the trial of the action. No record has been presented to this court showing what occurred at the hearing in the district court except as shown by the order entered and the papers certified on this appeal as a basis for the order. The order from which the appeal is taken recites that the matter came on for hearing before the court pursuant to an order to show cause issued by the court on November 10, 1926, requiring the plaintiff to "show cause why this court should not enlarge the time within which the defendant may serve a transcript of the evidence . . . and why the court should not . . . make its order certifying the transcript of the evidence as a correct transcript of the evidence and of all proceedings had and made matter of record by the official stenographer and at the same time make its certificate certifying the exhibits and depositions in the case and permit the defendant to make and file specifications of error into the judgment roll and record on appeal herein; and why the same should not be transmitted to the supreme court to the end that justice may be done in the premises and why the defendant should not have such further relief as the court may award in the premises.

"And the plaintiff being represented by attorneys L. J. Palda, Jr., C. D. Aaker, and C. E. Brace, Minot, North Dakota, and the defendant by Attorneys William Furst, of Minneapolis, Minnesota, and B. F. Tillotson, of Zuger & Tillotson, of Bismarck, North Dakota, and the court having duly considered the affidavits showing proof, and records submitted by both parties, and being fully and duly advised in the premises, does now therefore dismiss said order to show cause so issued

on November 10, 1926, and does *deny* the application of the defendant for the relief therein sought, on all the grounds urged by the said plaintiff on *its return* to said order to show cause."

Upon this record we are not required to determine whether there was any merit in plaintiff's special appearance and objection to the jurisdiction of the trial court to enlarge the time for settlement of the statement of case. The trial court's order makes no reference to such special appearance and specifically recites that the court "does deny the application of the defendant for the relief therein sought on all the grounds urged by the said plaintiff on its *return* to said order to show cause." Previous recitals in the order are to the effect that the court "duly considered the affidavits" submitted by the parties. As we construe the record presented on the appeal, it shows that the trial court considered and decided the application to enlarge the time for a settlement of the statement of case on the merits thereof. And a careful consideration of the record leads us to the conclusion that the trial court did not err in so ruling.

Section 7655, Comp. Laws 1913 provides:

"To prepare the record in a case for presentation to the trial court on motion for a new trial or judgment non obstante, or to the supreme court on appeal, the moving party shall proceed as follows:

"Within thirty days after the notice of the entry of judgment or the order to be reviewed, or such further time as the court shall allow, he must procure a transcript of the evidence and furnish a copy thereof to the adverse party with a notice that at a time not less than fifteen or more than thirty days from the service of such notice, he will present the same to the judge for certification as a correct transcript of the evidence and of all the proceedings had and made matter of record by the official stenographer. . . ."

And § 7666 Comp. Laws 1913 provides that:

"The court or judge may, *upon good cause shown, in furtherance of justice* extend the time within which any of the acts mentioned in section . . . 7655 may be done or may, after the time limited therefor has expired, fix another time within which any of such acts may be done."

It will be noted that it is only "upon good cause shown" and "in furtherance of justice" that the court or judge may, after the time

limited therefor has expired, fix another time within which a statement of case may be settled. What is "good cause shown in furtherance of justice" is primarily a question for the determination of the trial court. Such applications are addressed to the trial court's discretion, and its decision will not be disturbed unless an abuse of judicial discretion appears. Rabinowitz v. Crabtree, 30 N. D. 133, 152 N. W. 130; Sharon Mill. Co. v. Galde, 54 N. D. 817, 211 N. W. 589. The application to be relieved from the default and for a settlement of the statement of case after the expiration of the time allowed by the statute involved here, was made to the judge who tried the cause and who was familiar with the various incidents of the case—both those relating to the trial and those occurring subsequent thereto. The record clearly indicates that he gave earnest, good faith, consideration to the application, and, after careful deliberation, determined that it ought to be denied. Upon the record presented here no abuse of discretion is shown.

The order appealed from is affirmed.

BIRDZELL, Ch. J., and NUESSLE, BURKE, and BURR, JJ., concur.