William ZARAK and Caroline Messersmith, Plaintiffs and Appellants,

v.

Walter R. HJELLE, State Highway Commissioner for the State of North Dakota, Defendant and Respondent.

No. 8405.

Supreme Court of North Dakota.

Nov. 22, 1967.

Freed, Dynes & Malloy, Dickinson, and Floyd B. Sperry, Bismarck, for plaintiffs and appellants.

Helgi Johanneson, Atty. Gen., and Jon Kerian, Asst. Atty. Gen., Bismarck, for defendant and respondent.

TEIGEN, Chief Justice.

This is an appeal taken by the plaintiffs from the trial court's order refusing to settle the statement of the case as a record for presentation to this court on an appeal.

It appears from the record that the plaintiffs, as appellants, served notice of entry of judgment, notice of appeal, undertaking, and specifications of error on the attorneys for the defendant on October 28, 1964. The appeal was taken from the judgment; however, they did not obtain a certificate settling the statement of the case. Section 28–18–06, N.D.C.C., provides that the record for presentation to the Supreme Court on appeal shall be settled within thirty days after the notice of entry of the judgment or the order to be reviewed, or within such further time as the trial court shall allow. This statute requires the moving party to obtain a transcript of the evidence, furnish a copy thereof to the adverse party, and give notice that at a time, not less than 15 days or more than 30 days, he will present the same to the trial judge for certification.

At the same time he shall ask the trial judge for a certificate identifying the exhibits, depositions, and any other documents, motion, order or proceeding had during the progress of the case material to the questions to be reviewed.

■ The statute provides the procedure to insure a complete and accurate record on appeal and, when the transcript and other matters are certified by the trial judge, they shall become a part of the judgment roll and shall be known as the statement of the case. The statement of the case, when certified by the trial judge, imports absolute verity in the appellate court. Garbush v. Firey, 33 N.D. 154, 156 N.W. 537; State v. Myers, 73 N.D. 687, 19 N.W.2d 17.

The plaintiffs obtained a transcript of the evidence from the official court reporter on February 15, 1965, and a copy thereof was furnished to the attorneys for the defendant. The plaintiffs, as appellants, however did not proceed to obtain a settled statement of the case upon receipt of the transcript but did obtain ex parte three extensions of time in which to have the record settled. The last extension granted expired October 1, 1965, but no steps were taken to settle the record.

More than one year later, to wit, on November 30, 1966, the plaintiffs forwarded to the attorneys for the defendant a stipulation which would have authorized the court to settle the statement of the case without a hearing but the attorneys for the defendant refused to sign the stipulation and returned it to the plaintiffs' attorneys. Thereafter, on December 31, 1966, the plaintiffs' attorneys again requested the trial judge to summarily extend the time to settle the statement of the case but the trial judge refused. On January 25, 1967, the plaintiffs noticed a motion for an order and certificate of settlement of the statement of the case. The motion was heard the same day it was made and counsel for the defendant was present.

After hearing, the trial court denied the motion on the ground that it was not timely made and found that the plaintiffs, as appellants, had not shown reasonable diligence in the prosecution of the appeal and were guilty of laches and they failed to show good cause for the delay in settling the statement of the case. An order denying the motion was entered on February 1, 1965. This is the order from which the plaintiffs have taken this appeal.

■ An application for an extension of time within which the statement of the case may be settled must be made to the trial court upon a showing of good cause. The determination of whether good cause has been shown is for the trial court to make and, unless a decision of the trial court indicates an abuse of discretion, it will not be reversed on appeal. Kline v. Landeis, N.D., 147 N.W.2d 897; Schriock v. Schriock, N.D., 128 N.W.2d 852.

The appeal in this case is from an order and Section 28–27–07, N.D.C.C., provides:

Upon appeal the record must contain:

\* \* \* \* \* \*

2. From an order, the original papers used by each party on the application therefor, the reporter's minutes, if any, duly transcribed, and the evidence upon which such order is based, duly certified as correct by the trial judge. Such record shall be duly authenticated and transmitted by the clerk of the district court.

■ We have searched the record in this appeal and find no certificate of the trial court certifying the evidence upon which its order is based. We have held that an order extending the time to settle the statement of the case must be based upon good cause shown. Folsom v. Norton, 19 N.D. 722, 125 N.W. 310.

■■ The attorneys for both sides have submitted affidavits in this court which were made after the completion of the proceedings before the trial court and they in-

dicate similar proof was adduced before the trial court. This is not a case in which we have original jurisdiction. It is not a supervisory proceeding. It is an appeal calling for a review of the evidence upon which the trial court made its judicial decision and to review it on the merits, we must have before us the evidence upon which the trial court based its decision, duly certified as provided by statute. Otherwise we can review only the face of the judgment roll on an order denying the motion for a settled statement of the case. Compson v. Olson, N.D., 75 N.W.2d 319.

We find no error on the face of the judgment roll; therefore, on the record before us, we cannot review the order of the trial court on its merits to determine whether it abused its discretion.

The order is affirmed.

STRUTZ, PAULSON, KNUDSON and ERICKSTAD, JJ., concur.