# JAMES L. SMITH v. JOHN C. HOFF.

### (127 N. W. 1047.)

**Statement of Case — Time for Settlement — Extensions — Statutory Construction.**

1. Section 7068, Rev. Codes 1905, providing that upon good cause shown and in furtherance of justice, a district court may extend the time within which any of the acts mentioned in §§ 7058 and 7065 may be done either before or after the time limited therefor has expired, is a remedial statute, and must be liberally construed in favor of the purposes obviously intended to be served by its enactment.

**Appeal and Error — Statement of Case — Time for Settlement — Purpose of Limiting Time.**

2. The purpose of providing a limited time for proposing and settling a statement of the case to be used on appeal is, under present conditions, fully served if these steps are taken at such time and in such manner as not to interfere with the prompt and orderly disposition of the case upon appeal.

**Appeal and Error — Statement of Case — Extension of Time for Settlement — Discretion.**

3. If from the showing of an applicant for an extension of time for the purpose of settling a statement of the case to be used on appeal, it appears that the appellant is prosecuting the appeal in good faith upon meritorious grounds, and that there is reasonable excuse for his failure to take the preliminary steps within the time limited by law, it is an abuse of discretion to deny him a reasonable extension of time for these purposes.

Opinion filed September 21, 1910.

Certiorari by James L. Smith, to review the action of the judge of the eighth judicial district in denying an application to extend the time for the purpose of settling a statement of the case to be used on appeal.

Writ granted and after review the district court is directed to reverse its order made on the first application.

*Palda, Aaker, Greene, & Kelso,* for appellant.

*Scott Rex,* for respondent.

ELLSWORTH, J. The plaintiff and appellant in the above-entitled action applied to and obtained from this court a writ of certiorari for the purpose of reviewing an order of the district court of the eighth judicial district, denying plaintiff's application for a stay of proceed-

ings in the action, and an extension of time within which to prepare and settle a statement of the case to be used upon appeal. The full record acted upon by the district court has been certified and transmitted to this court, and, on the hearing ordered by this court, no suggestion has been made that the practice pursued by appellant is not the proper means of obtaining a review of an order of the district court from which there is no appeal, and no plain, speedy, and adequate remedy provided by law for any detriment or prejudice to a party arising therefrom. We will therefore review the facts out of which the proceeding in the district court arose, and the action of the court thereon, for the purpose of determining whether or not the authority of said court in the matter has been regularly pursued.

Plaintiff's action is, in substance, one to determine adverse claims to real property. He alleges that he is the owner in fee of certain lands situated in Ward county, and of certain lots in the city of Minot, and that while such owner he entered into a contract with the defendant for the sale to him of the same; that defendant failed to pay the purchase price agreed upon in said contract and to comply with its terms in other important particulars; and that plaintiff has thereupon exercised his right under the terms of said contract, to cancel and declare the same forfeited and void. The relief prayed for is that the title of plaintiff may be quieted against any claims of defendant arising out of said contract. The defendant answered, denying plaintiff's title to all of the real property in controversy, and alleged in substance that he, the defendant, was the owner in fee of the property, and that any conveyance of title made to plaintiff was held by him solely as security for the repayment of a certain loan or advance of money made by plaintiff to defendant, and prayed that the amount of indebtedness of defendant to plaintiff for which the title of said property was held as security be determined, and that, upon payment of the same, the title of defendant be quieted as against any claim of plaintiff. The action was tried to the district court without a jury on April 17, 1909. The district court found the facts to be substantially as alleged by defendant, and ordered the entry of a decree adjudging defendant to be the owner in fee simple of the premises involved in the action, subject, however, to a claim of plaintiff as security for an indebtedness of $3,267.60, with interest until paid at the rate of 12

per cent per annum. The conveyance of title held by plaintiff to the premises was declared to be, in law, a mortgage which might thereafter be foreclosed as such in case payment of the amount of the indebtedness specified was not made; and it was decreed that, upon satisfaction of plaintiff's indebtedness, his action should be dismissed and title to the real property in controversy quieted in defendant. A formal decree in accordance with the mandate of this order was entered in the district court on May 15, 1909.

After the order for judgment was made, but prior to the entry of the decree, on April 30, 1909, plaintiff made application to the district court for a stay of proceedings for a period of ninety days for the purpose of preparing a statement of the case to be used upon appeal from the decree. This application was summarily denied. Meantime, between the order for judgment and the entry of the decree by the trial court, the defendant, Hoff, conveyed his entire interest in the lots in the city of Minot to one Robinson. At about the same time and without knowledge of this conveyance, the Minneapolis, St. Paul, & Sault Sainte Marie Railway Company commenced a proceeding against Hoff for the purpose of condemning the said lots in the city of Minot to its use as station grounds. When the attorney for the railway company became advised of the fact that the title to the lots was no longer in Hoff, who was sole defendant in the condemnation proceedings, it dismissed the action, and on or about May 22, 1909, commenced another, in which plaintiff and Robinson, defendant's grantee, were named as defendants. Both defendants answered in the condemnation proceeding, and, before a trial of the same could be reached in regular course, the judge of the district court left the state for his summer vacation and was absent for a period of sixty days, returning to Minot and his district about September 1, 1909. During the month of August, 1909, Mr. L. W. Gammons, the sole attorney for the railway company in the condemnation proceedings, was taken ill, and from that time until his death, on December 17, 1909, was totally incapacitated for the performance of any service with reference to the trial of said condemnation proceeding. It was, however, regularly noticed for trial and placed on the trial calendar of the October, 1909, term of the district court and of a special term held in January, 1910. On January 4, 1910, plaintiff's attorneys were appointed attorneys for the railway

company as successors of Mr. Gammons, and at once proceeded to bring the condemnation proceeding to trial. It then transpired that certain jurisdictional facts necessary to the maintenance of such proceeding were known only to Mr. Gammons; and the railway company, being unable without his testimony to make proof of these facts or to secure an admission of the truth of the same from the attorneys for Mr. Robinson, found it was necessary to again dismiss the condemnation proceeding. It was dismissed accordingly on February 17, 1910, and immediately thereafter, on the same day, another proceeding was commenced, which was brought to trial with promptness and despatch on March 16, 1910. A jury then made its award of damages for the taking of the lots in Minot in the sum of $5,500, which sum was entered in a final order of condemnation of said premises on March 25, 1910.

It appears from the showing made by plaintiff that intending to appeal from the judgment entered upon the order of the district court made on April 15, 1909, for the purpose of preparing a statement of the case, he ordered from the official reporter of said district a transcript of all proceedings had upon the trial of said proceeding, and that such transcript was delivered to him on or about May 17, 1909. As explanation of and justification for his subsequent delay in completing and procuring the settlement of such statement, he avers that at this time it became apparent that the lots in the city of Minot which represented almost the entire value of the real property in controversy would be condemned to the uses of the railway company. Such being the case, their entire value necessarily depended upon the assessment of damage made by the jury called to try the condemnation proceeding. Plaintiff shows that he made considerable effort to secure estimates that would enable him to forecast with some probability the award of the jury, and had reason to believe that it would not exceed the sum of $3,500. In case such estimate reasonably approximated the finding of the jury in the condemnation proceeding, the result of an appeal of this action, though wholly favorable to plaintiff, would be in no way to his pecuniary advantage, as the sum, with interest added, of the indebtedness for which the title to the property was subject as security to his claim, as declared by the decree of the district court, would equal, if not exceed, any value that could then possibly be realized

from the property. He decided, therefore, to expedite as far as possible the determination of the condemnation suit, and to await its outcome before proceeding further upon his appeal. Immediately upon the award of the jury in the condemnation suit, the trial of which plaintiff claims, so far as he was concerned, was, under the condition, forwarded with diligence and despatch, in a sum largely exceeding the value of his claim on the property as declared by the district court, he decided to proceed with an appeal of this action; and, in order that he might properly prepare and present the same upon a showing of fact substantially as hereinbefore narrated, he applied to the judge of the district court for an order extending the time within which to propose and settle a statement of the case. This application was made on May 7, 1910. A hearing on notice was ordered immediately, and had on May 13, 1910, when the district court, after considering the showing made by plaintiff and an adverse showing presented by defendant, entered its order denying the application. The reason assigned by the district court for its action was that no good reason existed for an extension of time to prepare and settle a statement of the case in the action, and that, should the time be extended upon "the application made nearly a year after the entry of judgment herein, it would in fact permit plaintiff to reap the results of speculation as to the outcome of a suit other than this entitled action;" and that plaintiff had been guilty of laches in the prosecution of any contemplated appeal.

Plaintiff perfected his appeal to this court by service of a notice and undertaking on appeal and the filing of the same with the clerk of the district court on May 11, 1910. As hereinbefore noted, pursuant to this appeal, the full record of the action had been transmitted to this court. If an extension of time is granted that will permit plaintiff to properly propose and settle a statement of the case, he declares his willingness to prepare his appeal and have it in readiness for submission at the next succeeding term of this court, which, in view of the time the appeal was perfected, is the earliest at which it would have been presented in any case.

The single point presented for our consideration is, therefore, whether or not the district court regularly pursued its authority and exercised a sound judicial discretion in making its order denying plaintiff's application for an extension of time for the purpose of settling

a statement of the case to be used upon this appeal. It may be assumed from the effort made by plaintiff to prepare his appeal upon a settled statement of the case, that the errors relied upon by him for a judgment other than that decreed by the district court do not appear upon the judgment roll proper, and can be brought to our attention only by means of a properly certified statement of the case. The district courts of this state are given full authority "upon good cause shown, and in furtherance of justice," to extend the time within which a statement of the case may be prepared and settled, either before or after the expiration of the time limited for that purpose. Section 7068, Rev. Codes 1905. This statute seems to contemplate broader powers and wider discretion than that conferred on trial courts by the laws of almost any other state. The character of the power granted and the fact that the statute so conferring it is obviously remedial presupposes liberality in its exercise. Its exercise is not an absolute, nonreviewable authority, but a judicial discretion into the soundness of which this court may inquire whenever properly called to its attention. Unless there is grave question, however, whether the discretion of the district court has been soundly exercised, it will not be disturbed. Johnson v. Northern P. R. Co. 1 N. D. 354, 48 N. W. 227; Moe v. Northern P. R. Co. 2 N. D. 282, 50 N. W. 715; McDonald v. Beatty, 9 N. D. 293, 83 N. W. 224. The statutes of our state have at all times since statehood provided that, in order to procure the settlement of a statement of the case, it must be prepared and "proposed" within a limited period after notice of entry of judgment. The courts have invariably held that, in cases where these steps were not timely, they would refuse to settle the statement for the sole reason that it was proposed or presented out of time. The original purpose of such a statute was undoubtedly to require that oral testimony and verbal orders of the court made during the course of a trial should be brought permanently upon its records promptly at a time when these proceedings were still fresh in the minds of the court and the attorneys. At the present time with the general employment of stenographers to commit to writing the testimony given and the proceedings had at the time of their occurrence, the same reason does not exist for prompt action in the preparation of such statement. The purpose of the statute, therefore, requiring that the statement be proposed and settled within a limited

time is fully served when these steps are taken with such despatch as will preclude interference with the prompt and orderly disposition of the case upon appeal. If preliminary matters have not been followed up with sufficient diligence to have the appeal in readiness for hearing within the time contemplated by law, or the respondent has suffered prejudice or detriment by inattention to and inexcusable delay in the performance of necessary preparatory steps by the appellant, these facts of themselves operate conclusively to prevent the settlement of a statement of the case when it is attempted after the time limited by law; and, whatever the inducing cause for a failure to take these steps within the time limited by law, an application for an extension must be judicially determined by the trial court in a manner that subserves the interests of justice.

Under conditions as they now exist, some of the tests that we deem may be of value in determining whether or not the party applying after the expiration of the statutory time is entitled to an extension of time for settlement of a statement of the case are the following: (1) Do the facts shown by appellant as cause for an extension indicate that he is prosecuting the appeal in good faith upon meritorious grounds, without intent to delay its orderly and timely despatch? (2) If the extension applied for is granted, will it operate to delay the hearing of the appeal beyond the period required in the ordinary course; and, if so, is this delay satisfactorily accounted for by appellant? (3) Is the respondent prejudiced, or will he to any degree whatever be placed at a disadvantage upon appeal by excusable delay of appellant in the performance of the preliminary steps? Applying these principles to the determination of the case at bar, we note, first, that there is no reason to believe that the appeal is not being prosecuted in good faith. The plaintiff makes an affidavit of merits and alleges numerous errors of the trial court. It is quite apparent that plaintiff, confronted with the situation that the only property of value involved in his appeal would be condemned to the use of the railway company, and necessarily in doubt as to the amount of the award that would then represent its value, might reasonably hesitate to incur the expense of appeal until such time as he knew the award would be greater than the sum which he would, in any event, receive out of the property. He seems to have been reasonably diligent so far as in him lay in bringing the

condemnation proceeding to trial. When the award was made, he decided promptly to proceed with the appeal. At that time the status of the property was unchanged, and the trial of the appeal would not be delayed beyond the time that it would have taken had plaintiff chosen to wait almost to the end of the year allowed for appeal before perfecting his appeal. Plaintiff was undoubtedly within his rights in waiting, if he saw fit, until the time for appeal had almost expired. Had he settled the statement of the case within the thirty days allowed for that purpose, and still delayed his appeal until the time at which it was taken, the time of hearing would not be in any manner expedited. In the meantime the relation of respondent and his grantee to the property has not in any manner changed, and an extension of time for the purpose of preparing a statement of the case will not in any manner operate to the prejudice of either.

In our view of the conditions, the district court placed upon the statute permitting an extension of time a construction too strict and technical. The right of appeal may be asserted on the last day of the period limited for its exercise, as meritoriously as on the first. Plaintiff was not therefore speculating upon his rights by delaying his appeal until the end of the year in which he was authorized to take it. The settlement of a statement of the case was an essential incident of this appeal, and the right to have it settled by the district court was as important and valuable to him as the right of appeal. A delay in its exercise that did not interfere with the right of appeal or the despatch of the hearing on appeal was therefore not an unwarranted speculation upon the outcome of another suit, or an attempt to reap benefits therefrom to which he was not entitled. To deny appellant the means of properly presenting his appeal is in effect to defeat his right of appeal, and a construction so drastic as to produce such result is usually applied only in cases where the appellant is acting in bad faith or is guilty of gross laches. It does not appear that appellant in this case can be reasonably charged with either.

The order of the District Court denying the application of plaintiff for an extension of time for the purpose of settling a statement of the case to be used upon appeal is therefore reversed, and that court is directed to enter an order granting a reasonable time after the transmission of this record to the District Court for that purpose. All concur.