No. 43,339

Roger Riley, *Appellee* and *Cross Appellant*, v. Mayrath Machinery Company, Inc., *Appellant* and *Cross Appellee*.

(386 P. 2d 210)

Opinion filed November 2, 1963.

*Bert J. Vance,* of Garden City, argued the cause, and *A. M. Fleming,* of Garden City, and *Charles H. Fleming,* of Scott City, were with him on the briefs for the appellant and cross appellee.

*J. J. Mangan,* of Dodge City, argued the cause, and was on the briefs for the appellee and cross appellant.

The opinion of the court was delivered by

PARKER, C. J.: Plaintiff, Roger Riley, brought this action against the defendant, Mayrath Machinery Company, Inc., for actual wages and for penalty wages under the provisions of the Laws of 1911, Chapter 219, Sections 1 and 2, now G. S. 1949, 44-307 and 44-308.

The pleadings filed by the parties are of no importance on appellate review and all that need be said respecting them is that they raise all issues required for trial and disposition of the action.

The facts regarded as essential to a decision of what we deem is the all-decisive question involved on appellate review will be highly summarized and stated briefly in accord with our version of the import to be given the evidence of record material to its disposition.

Sections of the statute on which plaintiff relies for recovery read:

"It shall be unlawful for any firm or corporation employing labor within this state, to refuse or neglect to pay to any person leaving its service either by resignation or discharge any money due as wages within ten days from the termination of such services, and such payment must be made either at the place of discharge or at any office of such company or corporation within the state as may be designated by the party employed, he giving notice in writing, to the foreman or party in charge of such work. (44-307, *supra.*)

"Any corporation or firm failing or refusing to pay wages due to any person leaving their employment, as provided in section 1 [44-307] of this act, shall, as a penalty for violation thereof for such nonpayment continue to pay the wages of such servant or employee from the date of the discharge or resignation of said employee, at the same rate as if he was still in the service, until full and complete settlement is made: *Provided,* Such wages shall not continue for more than 60 days unless action for the recovery of the same shall have been commenced in any court of competent jurisdiction within that time. (44-308, *supra.*)"

The defendant is a Kansas corporation with its only office and

place of business located in Dodge City. Its system of management is unique in that Martin Mayrath, who lives in Dallas, Texas, is the only boss and controls all details of operation in connection with the Dodge City plant by telephone from Dallas.

Except for one year plaintiff had been employed by defendant since 1947. March 9, 1961, he resigned his position and turned in his time sheets at the office.

Later, and on the day after the next regular payroll date, plaintiff went to the office and orally requested payment of his actual wages. This request was made to Mrs. Mary Ann Sproat who was in charge of accounts payable and collecting, payrolls, trucks and foreign shipments. Due to differences between Mrs. Sproat and Plaintiff as to payment of such wages she refused to pay them.

Defendant had no foreman but, under the unusual circumstances involved, it may be said that Mrs. Sproat was in charge of defendant's work on all dates in question.

On April 12, 1961, more than thirty-four days after plaintiff's resignation, Douglas B. Myers, an attorney of Dodge City, wrote, and placed in the United States Mail, a letter which reads:

"April 12, 1961

"Mayrath Machinery Company, Inc.
"East Trail Street
"Dodge City, Kansas
"Gentlemen:

"I am writing with reference to Roger Riley, 901 Eighth Avenue, Dodge City, who left your employment on March 9, 1961. Mr. Riley advises that at this time he has accrued wages in the total amount of $151.20, which were due and payable on the regular payday of March 17, 1961.

"Mr. Riley advises that payment was refused until he had called Mr. Mayrath and discuss matters which were not made clear to Mr. Riley. Under the provisions of the General Statutes of Kansas, 44-307 and 308, you have no lawful reason to delay payment of all amounts due. This is to advise you that unless full payment is made on or before April 17, 1961, action will be taken to collect wages and statutory penalties.

"Very truly yours,
/s/ DOUGLAS B. MYERS"

The foregoing letter, addressed as above indicated, was received at the office of the corporation and after its receipt was channeled through to Mrs. Sproat who read it, subsequently she called Martin Mayrath on the telephone at Dallas who, after having the letter read to him, told her to explain it to George Gould, Jr., a Dodge City attorney, and turn the letter over to him.

Negotiations between the above mentioned attorneys failed to bring the parties to any agreement. Thereupon, and more than sixty days after the date of his resignation, plaintiff commenced the instant action.

Following joinder of issues by the pleadings, and after the parties had waived a jury trial, the case came on for trial by the district court. After hearing the evidence that tribunal rendered judgment against the defendant for $148.31 for actual wages due and $633.60 for penalty wages under G. S. 1949, 44-308.

Both parties have appealed from the judgment and from orders overruling their respective motions for a new trial.

At the outset it may be stated that due to admissions made by the parties, express, implied or otherwise, the all-important and decisive question raised by arguments advanced in the briefs is whether plaintiff is entitled to recover penalty wages in this action under the provisions of Laws of 1911, Chapter 219, Sections 1 and 2, now G. S. 1949, 44-307 and 44-308. Therefore, without more ado, we approve the trial court's judgment as to actual wages and turn to the decisive issue. This, in final analysis, under the heretofore quoted sections of the statute, as well as our decisions, depends upon whether defendant's notice, also quoted in toto, discloses compliance with the statutory requirements, imposed by the Legislature, as conditions precedent to the right to recover penalty wages in an action such as is here involved.

Strange as it may seem this court, since the enactment of Laws of 1911, Chapter 219, has been called upon to construe the force and effect to be given the provisions of that enactment in only five cases. The parties are in accord as to the number of our decisions dealing with the subject.

The first time the statute was here for construction was in *Livingston v. Oil Co.*, (1923) 113 Kan. 702, 216 Pac. 296, where the court decided the statute was constitutional and mentioned, but did not decide the point as to the necessity of designating the place of payment. The next was in *Southern Kan. Stage Lines v. Webb*, (1935) 141 Kan. 476, 41 P. 2d 1025. That case involved a procedural snarl and there was no decision upon the merits. Neither case is of any help in solving the decisive issue here involved.

The same statute was before us in *Hurt v. Edgell*, (1938) 147 Kan. 234, 75 P. 2d 834. There, with respect to certain phases of the issue here involved, we said:

"It will be noted that the statute requires that a written notice and demand be made by the employee who has been discharged, stating where he wishes to have his wages paid, which he claims are due him. This appears to be a reasonable provision. . . . It is not alleged that the provision of the statute as to notice was complied with. We think a failure to comply with the positive provisions of the statute bars the claim of plaintiff as to the penalty." (pp. 239 and 240.)

The next case where the court construed the statute is *Gawthrop v. Missouri Pac. Rly. Co.*, (1938) 147 Kan. 756, 78 P. 2d 854, which, so far as here pertinent, states:

"Plaintiff is also met with the point that he did not give defendant any notice in writing of the place where the payment should be made. Such a notice is required before an employee may avail himself of the provisions of G. S. 1935, 44-307 and 44-308. (See *Hurt v. Edgell*, ante, page 234, 75 P. 2d 834.) . . ." (p. 758.)

The fifth occasion on which the court was called upon to construe the provisions of the statute in question is *Brewer v. Kansas Electric Power Co.*, (1939) 148 Kan. 434, 83 P. 2d 103. There the facts and one issue, notwithstanding plaintiff's inadvertent but nonetheless erroneous contention to the effect no notice of any kind was involved (See Abstracts and Briefs [No. 33,944] on file in the State Library, 148 Kan. Vol. 18.), were quite similar to the facts and the decisive issue presented by the record in the instant case.

In the *Brewer* case this court held:

"The conditions prescribed in G. S. 1935, 44-307, are conditions precedent to the right to recover a penalty for the failure to pay wages as directed in G. S. 1935, 44-302, 44-308, and a failure to substantially comply with the former section, defeats the claim." (Syl. ¶ 2.)

And in the opinion said:

". . . The lawmakers have prescribed the conditions under which the penalty may be imposed. Failure to comply with the statutory conditions defeats the claim. The conditions are few and practical. The demand must be in writing, addressed to the foreman or party in charge of the work, and it must designate as the place of payment one of the places named in the statute. (*Hurt v. Edgell*, . . .: *Gawthrop v. Missouri Pac. Rly. Co.*, . . .) With these conditions precedent plaintiff failed to comply." (p. 439.)

We are in accord with the rule announced in the *Brewer* case and adhere thereto.

Therefore—since it clearly appears from the record that the written demand on which plaintiff must rely in order to recover penalty wages under the provisions of the statute in question was fatally defective in at least two particulars, *i. e.*, (1) was not ad-

dressed to the foreman or the person in charge of the work and (2) failed to designate as the place of payment one of the places named in the statute—we hold, (following *Brewer v. Kansas Electric Power Co.*, supra), that the trial court erred in that portion of its judgment allowing plaintiff recovery of penalty wages.

Contentions advanced by plaintiff, to the effect that the construction given the statute by our former decisions does not conform to the intention and purpose of the legislature in enacting such statute, have been rejected not overlooked. In the first place, as heretofore indicated, we approve the rule announced in those decisions. In the next, we direct attention to the fact that such statute, as construed in the *Brewer* case, has remained the law of this state since 1938, more than twenty-four years, without modification or change by the legislature. Under such circumstances it is presumed that the construction, heretofore placed upon the statute by this court, conforms to the legislative intent and should not be changed. (See *Rockhold v. Board of County Commissioners*, 181 Kan. 1019, 1024, 317 P. 2d 490; *Windle v. Wire*, 179 Kan. 239, 242, 294 P. 2d 213; *State v. One Bally Coney Island No. 21011 Gaming Table*, 174 Kan. 757 [Syl. ¶ 3.] 258 P. 2d 225.)

What has been heretofore stated and held means that the trial court's action in allowing plaintiff judgment for actual wages with interest must be affirmed and the portion of its judgment awarding plaintiff penalty wages in any amount must be reversed. Pursuant to the authority conferred on this court and the provisions of G. S. 1949, 60-3706, all costs of this action are taxed to the defendant. It is so ordered.