[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 898 
The plaintiffs, Orval H. Kline, Jr., and Regina K. Kline, secured a judgment in the District Court of Sioux County against the defendants, Peter Landeis, Jr., and Tillie Landeis, on March 20, 1964.
Notice of the entry of judgment was served by mail on Mr. and Mrs. Landeis on April 7, 1964. An execution was issued by the Clerk of the District Court of Sioux County on May 25, 1964, and returned by the sheriff unsatisfied on July 22, 1964. Notice of appeal from the judgment and undertaking for costs on appeal were served on Mr. and Mrs. Kline on September 16, 1964. The transcript of the trial court proceedings was completed and delivered to counsel for Mr. and Mrs. Landeis about October 15, 1964. On August 31, 1965, execution was again issued. The sheriff's return indicates that he was unable to find personal property upon which he could levy, and for that reason he levied against certain real property owned by Mr. and Mrs. Landeis. This property was sold by the sheriff at public auction on October 26, 1965, Mr. and Mrs. Kline being the highest bidders. Order confirming sale on execution was made by the district court on November 10, 1965.
On January 20, 1966, Mr. and Mrs. Landeis made a motion for an order settling the statement of the case. This motion was heard on January 28, 1966, and on March 15, 1966, the district judge issued a memorandum opinion in which he determined that the motion should be denied. The court executed its order denying the motion on March 21, 1966.
Thereafter, on May 17, 1966, Mr. and Mrs. Landeis appealed to this court from the order denying the motion for an order settling the statement of the case. The pertinent part of the controlling statute in this case reads as follows:
 28-18-06. Statement of the case. — The record in a case for presentation to the trial court on a motion for a new trial or for judgment notwithstanding the verdict, or to the supreme court on appeal, shall be prepared as follows:
 1. Within thirty days after notice of the entry of judgment or of the order to be reviewed, or within such further time as the court shall allow, the moving party must procure a transcript of the evidence and furnish a copy thereof to the adverse party with a notice that at a time not less than fifteen nor more than thirty days after the service of such notice, he will present *Page 899 
the same to the judge for certification as a correct transcript of the evidence and of all proceedings had and made matter of record by the official reporter, and that, at the same time, he will ask the judge for a certificate identifying the exhibits and depositions in the case; * * * [Emphasis added.]
 North Dakota Century Code.
In support of the motion before the trial court, the attorney for Mr. and Mrs. Landeis filed the following affidavit:
 DANIEL J. CHAPMAN, being first duly sworn on oath, deposes and says that he is an attorney at law practicing in the City of Bismarck, North Dakota; that judgment in the above entitled matter was entered on the 20th day of March, 1964, and that on the 17th day of August, 1964, a Notice of Appeal and Demand for Trial De Novo, together with an Undertaking for Costs on Appeal was served upon the plaintiffs in behalf of the defendants; that thereafter this affiant ordered and requested a transcript of the proceedings in this case and this affiant estimated that the cost of said transcript would not exceed $100.00; that thereafter and on the 15th day of October, 1964, the transcript was completed at a cost of $150.00; that to the knowledge and understanding of this affiant the defendants, Peter Landeis, Jr., and Tillie Landeis, are in difficult financial straits and could not pay for the cost of said transcript; that this affiant was unwilling to complete the appeal until such time as he had at least been paid for the money that he was required to expend for the transcript herein; that it was not until the fall of 1965 that arrangements were made for the completion of this appeal; that this affiant believes that there is a bona fide cause for appeal to the Supreme Court and that justice can only be served by a final determination of this matter on appeal to the Supreme Court.
The trial court, in its memorandum decision, stated that under Rule 6(b), N.D.R.Civ.P., it could, in its discretion, for good cause enlarge the time within which the statement of the case could be settled.
We are inclined to believe that the trial court's authority to extend the time within which the statement of the case may be settled is derived, not from Rule 6 (b), N.D.R.Civ.P., but from § 28-18-06(1), N.D.C.C. However, we agree with the trial court that such an application must be made upon a showing of good cause, that the determination of whether good cause has been shown is for the trial court to make, and that unless the decision of the trial court indicates an abuse of discretion, it will not be reversed on appeal.
In Schriock v. Schriock, a decision rendered by this court in 1964, we said:
 In construing pertinent sections of the Compiled Laws of the Territory of Dakota, 1887, in Johnson v. Northern Pac. R. Co., 1 N.D. 354, 48 N.W. 227; sections of the Revised Codes of 1905 in Smith v. Hoff, 20 N.D. 419, 127 N.W. 1047; sections of the Compiled Laws of 1913 in Millers' Traders' State Bank v. National Fire Ins. Co., 55 N.D. 149, 212 N.W. 834, 835; and the present statutes in Mulhauser v. Becker, 76 N.D. 402, 37 N.W.2d 352, this court, in effect, has consistently found that the trial court's ruling on an application for settlement of the case after the statutory time for settlement thereof has expired, will not be disturbed on appeal except for abuse of discretion.
Schriock v. Schriock, 128 N.W.2d 852, 855 (N.D. 1964).
The trial court, after reviewing the affidavit filed in support of the motion, found that good cause had not been shown, and accordingly denied the motion.
However, Mr. and Mrs. Landeis contend that good cause, although required to be shown under § 7666 of the Compiled Laws *Page 900 
of 1913, need no longer be shown, because the adoption of the Revised Code of 1943 omitted this section therefrom, and the cross-reference table notes that it was "superseded." They argue:
 Thus, where once a specific statute required that "good cause, in furtherance of justice" be shown, there no longer exists such a requirement and this Court has not passed upon the effect of the action of the legislature in omitting this requirement.
 As the law now stands the time limit is 30 days or "such further time as the court shall allow."
 We find no merit in this argument.
Section 7655, C.L. of 1913, set forth the requirements for securing a settlement of the statement of the case. The language used therein is almost identical with the language used in the pertinent part of § 28-18-06, N.D.C.C. The pertinent part of § 7655 reads as follows:
 Within thirty days after the notice of the entry of judgment or the order to be reviewed, or such further time as the court shall allow, * * *
The predecessor of § 7655, C.L. of 1913, was § 7058, R.C. of 1905. It contained similar language.
It is our view that the Legislature, in repealing § 7666, C.L. of 1913, intended no change in the previous construction of § 7655, C.L. of 1913 (which was carried into N.D.R.C. of 1943 in § 28-1806, and which now is § 28-18-06, N.D.C.C.), and that it was merely to eliminate duplicative material. We therefore believe that it is still proper to require that good cause be shown before an extension of time is granted.
We have reviewed the affidavit and agree with the trial court's conclusion that it fails to establish good cause for extending the time for settling the statement of the case.
The burden is upon Mr. and Mrs. Landeis to show good cause why the motion for settlement of the statement of the case, made approximately 22 months after the notice of the entry of the judgment, should be granted.
Mr. and Mrs. Landeis, in arguing that the purposes of §28-18-06 would be upheld in granting them an extension of time within which to secure a settled statement of the case, refer us to a part of a decision rendered by this court in 1910, wherein we found that the trial court had abused its discretion in not extending the time. Their reference reads as follows:
 * * * The statutes of our state have at all times since statehood provided that, in order to procure the settlement of a statement of the case, it must be prepared and "proposed" within a limited period after notice of entry of judgment. The courts have invariably held that, in cases where these steps were not timely, they would refuse to settle the statement for the sole reason that it was proposed or presented out of time. The original purpose of such a statute was undoubtedly to require that oral testimony and verbal orders of the court made during the course of a trial should be brought permanently upon its records promptly at a time when these proceedings were still fresh in the minds of the court and the attorneys. At the present time with the general employment of stenographers to commit to writing the testimony given and the proceedings had at the time of their occurrence, the same reason does not exist for prompt action in the preparation of such statement. The purpose of the statute, therefore, requiring that the statement be proposed and settled within a limited time is fully served when these steps are taken with such dispatch as will preclude interference with the prompt and orderly disposition of the case upon appeal. * * *
 Smith v. Hoff, 20 N.D. 419, 127 N.W. 1047, 1049. *Page 901 
In so quoting from that decision, they stopped too soon, we believe, for immediately following that passage we note this language:
 * * * If preliminary matters have not been followed up with sufficient diligence to have the appeal in readiness for hearing within the time contemplated by law, or the respondent has suffered prejudice or detriment by inattention to and inexcusable delay in the performance of necessary preparatory steps by the appellant, these facts of themselves operate conclusively to prevent the settlement of a statement of the case when it is attempted after the time limited by law;
and, whatever the inducing cause for a failure to take these steps within the time limited by law, an application for an extension must be judicially determined by the trial court in a manner that subserves the interests of justice. [Emphasis added.]
Following this statement this court set forth certain tests to be used in determining whether a party applying after the expiration of the statutory time for a settled statement of the case is entitled to an extension of time. Test No. 2 reads as follows:
 If the extension applied for is granted, will it operate to delay the hearing of the appeal beyond the period required in the ordinary course; and, if so, is this delay satisfactorily accounted for by appellant?
 Smith v. Hoff, supra, at 1050.
Under No. 7 of the Rules of Practice in the Supreme Court an appellant is required to prepare his brief, serve it upon the respondent, and file it with the clerk of the court from which the appeal is taken before or at the time the record of the case is transmitted to the Supreme Court.
In failing to move within the statutory period for either an extension of time within which to settle the statement of the case or for an order settling the statement of the case, the appellants have delayed the time within which they would normally prepare, serve, and file their brief on appeal. We accordingly believe that if the extension applied for were granted, it would operate to delay the hearing of the appeal beyond the period required in the ordinary course. We do not believe that the delay is satisfactorily accounted for by the appellants.
The only reason stated in the affidavit for Mr. and Mrs. Landeis's failure to move for a settled statement of the case within the statutory period is financial. If finances were a problem, an application could have been made within the statutory period for an extension of time within which to settle the statement of the case. As this was not done, we do not believe that the trial court's decision in denying the motion constitutes an abuse of the exercise of his judicial discretion.
The order of the trial court is therefore affirmed.
TEIGEN, C. J., and KNUDSON, MURRAY and STRUTZ, JJ., concur.
ON PETITION FOR REHEARING.
ERICKSTAD, Judge.
The appellants have filed a petition for rehearing in which they allege that this court has engaged in "judicial legislation." They contend that the requirement that good cause be shown before an extension of time may be granted under §28-18-06, N.D.C.C., has no statutory basis and has been engrafted by judicial fiat contrary to all tenets of fair play and justice.
It would appear that they are arguing that, as § 7666, C.L. 1913, was omitted from the Revised Code of 1943, good cause need no longer be shown to secure from the trial court an extension of time within which the statement of the case should be settled. *Page 902 
Their view is that this is clear from the reviser's note to Chapter 28-19, found in the Code Revision Report covering the work of the Code Revision Commission, 28th Session of the Legislative Assembly, which reads as follows:
 S.L. 1913, c. 131, s. 7; C.L. 1913, s. 7666, giving the court power to extend the time, has been omitted. Insofar as it referred to sections 1, 4, and 5, it was meaningless as none of these sections prescribed any time for doing anything. Sections 2 and 6 contained specific provisions authorizing the court to extend the time and we have inserted a similar provision in section 28-1903.
They say that this note indicates that good cause was not to be required in securing a settled statement of the case under § 28-1806, N.D.R.C. of 1943, now § 28-18-06, N.D.C.C., whereas it was to be required in securing a new trial under § 28-1903, N.D.R.C. of 1943, now § 28-19-03, N.D.C.C.
In considering this argument we must resort to the rules of interpretation which are contained in Chapter 1-02, N.D.R.C. of 1943. There we note § 1-0211, which reads as follows:
 1-0211. Source Note Not Part of Statute. No source note shall be deemed a declaration by the legislative assembly as to the purpose, scope, or effect of any section to which such source note or reviser's note relates.
 North Dakota Revised Code of 1943.
Notwithstanding that rule, let us for the sake of argument analyze the reviser's note to Chapter 28-19.
The note states that §§ 2 and 6 of Chapter 131 of the 1913 Session Laws contain specific provisions authorizing the court to extend the time, and that a similar provision has been inserted in § 28-1903. It is our analysis of this statement that the reviser believed §§ 2 and 6 to contain similar provisions; otherwise, the statement that a similar provision had been inserted in § 28-1903 would be inaccurate. It should be noted at this point that there was no indication that § 28-1806 was treated differently from § 28-1903.
It is our view that the reviser believed the authority granted in the phrase "within such further time as the court shall allow" to be equivalent to the authority contained in the phrase "unless the court, for good cause shown, shall extend the time."
It is significant that since the adoption of the Revised Code of 1943 this court has construed the authority given the trial court in § 28-1806, N.D.R.C. of 1943, now § 28-18-06, N.D.C.C., as being discretionary. Mulhauser v. Becker, 76 N.D. 402,37 N.W.2d 352; Schriock v. Schriock, 128 N.W.2d 852 (N.D. 1964). The legislature, in failing to amend the statute in light of the court's construction, has acquiesced in that construction, and thus has indicated that the construction is in accord with legislative intent.
 * * * The construction of a statute by the courts, supported by long acquiescence on the part of the legislature, or by continued use of the same language, or failure to amend the statute, is evidence that such construction is in accordance with the legislative intent. [Citing Commissioner of Banking and Insurance v. Moresh, infra.] * * *
 Barringer v. Miele, 6 N.J. 139, 77 A.2d 895, 897.
See also: Riley v. Mayrath Machinery Company, Inc.,192 Kan. 120, 386 P.2d 210; Bressler v. Chicago N.W. Ry. Co.,152 Neb. 732, 42 N.W.2d 617; Commissioner of Banking and Insurance v. Moresh, 122 N.J.L. 77, 3 A.2d 638; Boutin v. Cardinal Theatre Co., 267 Wis. 199, 64 N.W.2d 848.
Another factor to be considered is that this matter is affected by a rule of this court. The most recent rules of practice in the Supreme Court of North Dakota *Page 903 
were adopted on June 29, 1950. Rule 22 reads as follows:
 Settlement of Case. The statement of the case in all civil actions and proceedings may be prepared and settled as provided by statute. In case of death, disqualification, removal or absence from the state of the trial judge, the statement of the case may be settled, signed, and certified by and before another district judge in the judicial district; otherwise, application may be made to the Supreme Court as provided by statute.
We must assume that this court, in adopting Rule 22 in 1950, adopted the construction placed upon the statute relating to time within which a transcript may be obtained and a statement of the case may be settled. The construction of the statute, even after the adoption of the Revised Code of 1943, has been that the authority given the court to extend the time is a discretionary authority.
The appellants contend that the language of § 28-1806 makes it mandatory that the trial court grant whatever time the appellants desire. We believe, however, that if the language of § 28-1806 is susceptible of a meaning other than the one we have given it, that meaning is that the court has been given the absolute power either to grant an extension of time or to deny it. The latter meaning would avail the appellants of no relief, for the reason that the trial court has denied the appellants their motion for an extension of time. If the trial court's authority is absolute, there is no basis on which we can review its action.
We therefore adhere to our original view as expressed in our opinion, that whether an extension of time should be granted is within the trial court's discretion, that good cause must be the basis for determining whether the trial court abused its discretion, and that unless there is a showing that the trial court has abused its discretion, its decision will not be overturned.
TEIGEN, C. J., and KNUDSON and STRUTZ, JJ., concur.